[Crim. No. 2457. Fourth Dist., Div. One. Oct. 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT D. LE GERRETTE, Defendant and Appellant.

Martin Gutfleisch, under appointment by the District Court of Appeal, and Gerald M. Dawson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard H. Cooper, Deputy Attorney General, for Plaintiff and Respondent.

WHELAN, J.—Defendant was convicted of possessing a narcotic (Health & Saf. Code, § 11500) by the court, sitting without a jury. The criminal proceedings were suspended before sentence and without any ruling upon defendant's application for probation, to ascertain, under section 3051, Welfare and Institutions Code, if defendant was addicted to narcotics or in danger of becoming so addicted. He was found to be addicted and on January 12, 1966, was committed pursuant to section 3051, Welfare and Institutions Code.

 Defendant has appealed by his handwritten letter which states: 'I would like to file an appeal of my case . . .''; he does not state from what order he wishes to appeal.

 Since the criminal proceedings were suspended prior to the imposition of sentence, and prior to any action on defendant's request for probation, there is no appealable final judgment of conviction. (Pen. Code, § 1237, subd. 1.)

 In cases where the defendant is committed before final judgment for narcotics addiction, an appeal may be taken from an order denying a motion for new trial. (Pen. Code, § 1237, subd. 2.) However, defendant did not move for a new trial.

 An appeal may be taken from the order of commitment pursuant to Welfare and Institutions Code, section 3051, as a final order made in a special proceeding under section 963, Code of Civil Procedure. (*People* v. *Gross,* 44 Cal.2d 859 [285 P.2d 630] ; *In re De La O,* 59 Cal.2d 128 [28 Cal.Rptr. 489, 378 P.2d 793].) The only appealable order, therefore, is the order of commitment made under section 3051, Welfare and Institutions Code. Defendant has filed what will be treated as a sufficient notice of appeal from the commitment order. (*People* v. *Juvera,* 214 Cal.App.2d 569 [29 Cal.Rptr. 653].) However, in such appeal he may base error only on the lack of jurisdiction of the trial court to institute commitment proceedings or the invalidity of the proceedings culminating in the order itself. Instead, defendant seeks to attack the admissi-

bility of evidence in the criminal trial and what he contends to have been an unlawful search and seizure of which such evidence is the product.

Defendant, after the court hearing that led to the commitment order, did not ask for a jury trial as permitted by section 3051, Welfare and Institutions Code. He alleges no error in the commitment proceedings themselves.

■ We hold that upon direct appeal from an order of commitment under section 3051, the defendant may not question the sufficiency or legal admissibility of the evidence upon which the criminal conviction was based if the convicting court had jurisdiction of the subject matter and of the defendant as in the present instance.

■ If we were to treat the appeal as a petition for habeas corpus in order to pass upon the error alleged, it must be denied.

Apart from the fact that a petition for such a writ is to be verified (Pen. Code, § 1474), and defendant's claims are unverified, it is generally true that habeas corpus is not available to attack a conviction upon grounds that might have been urged upon a motion for a new trial. (*In re Mooney,* 10 Cal.2d 1, 64 [73 P.2d 554] ; *People* v. *Del Campo,* 174 Cal.App.2d 217, 221 [344 P.2d 339].)

Defendant might have presented his points of objection on motion for new trial. He did not avail himself of a possible means for direct attack upon the conviction.

The order of commitment of January 12, 1966, is affirmed. The appeal, insofar as it purports to be an appeal from the conviction, is dismissed; considered as a petition for writ of habeas corpus, the petition is denied.

Brown, P. J., and Coughlin, J., concurred.