**Lawrence E. WILSON, Warden, California State Prison at San Quentin, Appellant,**

v.

**Donald Lee BLABON, Appellee.**

**No. 20976.**

United States Court of Appeals Ninth Circuit.

Nov. 7, 1968.

---

5. Cotton v. Bennett, 4 Cir., 1932, 59 F. 2d 373, 375; Fyne v. Atlas Supply Company, supra. See also In re Fant, W.D. S.C., 1927, 21 F.2d 182.

Derald E. Granberg, Deputy Atty. Gen., (argued), Thomas Lynch, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., San Francisco, Cal., for appellant.

Ralph C. Walker (argued), San Francisco, Cal., for appellee.

Before HAMLEY, ELY and HUFSTEDLER, Circuit Judges.

HAMLEY, Circuit Judge:

Donald Lee Blabon, a California state prisoner, applied to the district court for a writ of habeas corpus. The district court granted the writ, but this court, as then constituted (Judges Hamley, Ely and Mathes), reversed. Judge Mathes wrote the opinion and Judge Ely dissented. Wilson v. Blabon, 9 Cir., 370 F.2d 997, decided January 6, 1967. On October 14, 1968, sub nom. Blabon v. Nelson, 393 U.S. 20, 89 S.Ct. 49, 21 L. Ed.2d 19, the United States Supreme Court granted a writ of certiorari, vacated the judgment, and remanded the cause to this court for further consideration in light of In re Bevill, Cal., 69 Cal. Rptr. 599, 442 P.2d 679, decided July 8, 1968, as modified by 69 A.C. 101, August 21, 1968.

For the purpose of reconsidering the cause on remand, Judge Hufstedler has been added to the panel vice Judge Mathes, deceased.

A full account of the background facts is set forth in this court's prior opinion and the following brief statement of facts will suffice for present purposes. Blabon is in state custody by virtue of a 1961 civil commitment for an indeterminate period entered by the California Superior Court pursuant to proceedings under sections 5501(a), 5512 and 5518 of the California Welfare and Institutions Code, now sections 6302(a), 6316 and 6326 of that Code. Section 5501(a) provided for a hearing and examination by the Superior Court to determine whether a person is a "mentally disordered sex offender" within the meaning of that section. This section further provided that such a proceeding shall be undertaken only as to a person "convicted of any criminal offense." Sections 5512 and 5518 provided for the commitment of a person found, pursuant to such a proceeding, to be a mentally disordered sex offender and a danger to the health and safety of others.

In this habeas corpus proceeding Blabon contends that the California Superior

Court did not have jurisdiction to entertain a section 5501(a) proceeding involving him because, prior thereto, he had not been validly convicted of any criminal offense. The prior conviction relied upon by the warden in resisting the application for a writ was a misdemeanor conviction on a jury verdict of violating section 311, subd. 1, California Penal Code, relating to indecent exposure. Blabon argues that the conviction under section 311, subd. 1 is invalid because he had not been informed of his right to have court-appointed counsel to assist him in defending against that prosecution.

In this habeas corpus proceeding the district court found, after a hearing, that Blabon had not been informed of his right to court-appointed counsel in the section 311, subd. 1 prosecution. The court held that, with respect to that prosecution, Blabon had therefore been deprived of his constitutional rights enunciated in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The district court also ruled that, under the principles announced in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357, Blabon did not effectively waive the assistance of counsel in that criminal proceeding. Concluding, for these reasons, that the conviction under section 311, subd. 1 was invalid on constitutional grounds, the district court determined, in effect, that there was a federal constitutional defect which deprived the California Superior Court of jurisdiction to commit Blabon under sections 5501, 5512 and 5518.

In reversing, this court, as then constituted, with Judge Ely dissenting, held that under the California law once a jury verdict of guilty has been entered with regard to the prior criminal charge, jurisdiction is conferred upon the California Superior Court to entertain a proceeding under section 5501(a) without regard to whether the judgment entered in the criminal proceeding could be sustained on appeal. The majority therefore concluded that the civil commitment under sections 5512 and 5518 did not deprive Blabon of due process of law even though the prerequisite conviction under section 311, subd. 1 was later found to be constitutionally invalid.

However, in In re Bevill, a state habeas corpus proceeding, the California Supreme Court declined to follow this holding in *Blabon.* Instead, the California court held that if the prerequisite criminal conviction is invalid, the Superior Court lacks jurisdiction to proceed under section 5501(a). The rationale in In re Bevill is substantially the same as that in Judge Ely's dissenting opinion in *Blabon.* The California court also held that Bevill's prior conviction, under section 650½ of the California Penal Code, was invalid because that section did not apply to the conduct of which Bevill was found guilty. The California court therefore granted Bevill's writ of habeas corpus and discharged him from custody.

■ The indicated construction which the California Supreme Court gives section 5501(a) in In re Bevill, is binding upon us. It is therefore necessary to conclude that Blabon's commitment under section 5501(a) is invalid if his prior conviction under section 311, subd. 1, California Penal Code, is invalid.

■ If, however, the invalidity of the prior conviction did not result from a constitutional defect, it would be for the state courts of California, and not the federal courts, to grant appropriate relief. Thus, in In re Bevill, the circumstance which rendered the prior conviction invalid was the fact that the California statute defining the criminal offense (section 650½, California Penal Code) was inapplicable under the facts there proved. The California court did not reach the question of the constitutionality of section 650½, although the opinion implies that its constitutional validity is doubtful. The court's conclusion rested solely upon considerations of state law; hence, a federal court could not have granted habeas relief in that case.

■ In our case, however, the invalidity of the prerequisite prior conviction

under section 311, subd. 1, California Penal Code, results from the deprivation of a right under the federal constitution. As above indicated, the district court ruled that the conviction was invalid because Blabon had not been informed that he was entitled to his Fourteenth Amendment right to court-appointed counsel. The warden does not challenge that ruling on this appeal. In our view, this constitutional defect infects the subsequent civil commitment under sections 5501(a), 5512 and 5518, and renders unconstitutionally invalid that commitment.

The warden suggests that Blabon has not exhausted his state remedies. Under the special circumstances of this case we do not believe it necessary for us to reverse and remand for this reason.

On this remand from the United States Supreme Court we accordingly affirm the judgment of the district court.