[Crim. No. 16224. Second Dist., Div. Three. Apr. 3, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY ONTIVERAS BAUTISTA, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward Duddy, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SCHWEITZER, J.**—In a civil proceeding in the superior court following a misdemeanor conviction in a municipal court, defendant was found to be a narcotic addict and was committed to the custody of the Director of Corrections for confinement in a narcotic detention, treatment and rehabilitation facility. (Welf. & Inst. Code, § 3050.) By this appeal from the order of civil commitment,[1] he questions the jurisdiction of the superior court proceeding: (1) by a collateral attack on his criminal conviction on constitutional grounds, and (2) by a direct attack on the municipal court certification order on statutory grounds.

### Facts

On February 14, 1968, defendant pleaded guilty in Compton Municipal Court to the charge of failure to provide (Pen. Code, § 270) and was placed on probation. On October 3, 1968, he was found to be in violation of probation and to be a possible narcotic addict. The criminal proceedings were adjourned and he was certified to the superior court for civil narcotic addiction proceedings.

At the commencement of the civil proceedings defendant objected to the superior court's jurisdiction on the ground that his conviction in the municipal court was invalid. He testified that at the time he pleaded guilty to the misdemeanor charge in the municipal court, he was not represented by counsel, had not waived his right to counsel, and had entered his guilty plea because the deputy district attorney had told him that he would receive probation. No evidence in rebuttal was offered by the People.

---

[1]The order of commitment is appealable as a final judgment in a special proceeding. (*People* v. *Murphy,* 70 Cal.2d 109, 115 [74 Cal.Rptr. 65, 448 P.2d 945]; *People* v. *Wilson,* 258 Cal.App.2d 578, 580 [65 Cal.Rptr. 839].)

Defendant also objected to the jurisdiction of the superior court on the ground that section 3050 of the Welfare and Institutions Code provides for certification to the superior court "upon conviction," that a delay of approximately seven months between the date of conviction and the date of certification was not timely.

Both objections were overruled. The civil proceedings followed, resulting in the finding that defendant was a narcotic addict and in the issuance of the order of commitment to the rehabilitation facility. On this appeal defendant does not question the sufficiency of the evidence in the commitment proceeding. His only contentions are that the superior court erred in overruling his two objections to its jurisdiction.

### Augmentation of Record

The People state in their brief on appeal that resolution of defendant's attack on his criminal conviction will necessitate factual determinations which cannot be made from the record on appeal. They attach as exhibits to their brief certified copies of the municipal court docket sheet and of the order granting probation and state that if these exhibits will assist this court in its decision, such action should be deemed a motion by the People to augment the record on appeal pursuant to rule 23, California Rules of Court. Rule 23(b) expressly provides that such application shall be in accordance with rule 41, which requires a noticed motion. Since the exhibits were neither offered nor used in the superior court proceeding, and were not filed in or lodged with the superior court, we cannot order augmentation of the record on our own motion. (Cal. Rules of Court, rule 12(a).) A reviewing court has authority to take judicial notice of the records of the municipal court (Evid. Code, § 452, subd. (d)) if it affords "each party reasonable opportunity to meet such information before judicial notice of the matter may be taken." (Evid. Code, § 459, subd. (d).)

In his reply brief defendant make no objection to the motion to augment the record, stating: "Although the minutes for the Municipal Court recite that Appellant had been advised of his rights: [¶] 1. These minutes were not before the Superior Court in the Commitment proceedings. [¶] 2. There was no finding by the Superior Court that the Clerk's recitations were true; and [¶] 3. Even if they were true they show that Appellant did not waive his right to counsel even assuming he was adequately informed of that right."

Since the exhibits support defendant's contention that he did not waive his legal right to counsel in the criminal proceeding and since neither party has objected to this court's consideration of the exhibits, in the interests of justice and under the circumstances of this case, we will find that there

has been substantial compliance with the requirements of section 459 of the Evidence Code and will take judicial notice of those records of the municipal court proceeding attached as exhibits to the respondent's brief.

### Collateral Attack on Criminal Conviction

■ Defendant cannot use his right of appeal from the order of civil commitment to attack his criminal conviction. Both in form and in substance, the civil commitment proceedings are wholly distinct from the criminal prosecution. On such appeal he may base error only on the *lack of jurisdiction* of the superior court to institute commitment proceedings, or on the invalidity of the commitment proceedings predicated on errors of law or on insufficiency of the evidence. (*People* v. *Murphy,* 70 Cal.2d 109, 114-115 [74 Cal.Rptr. 65, 448 P.2d 945]; *People* v. *Gonzales,* 256 Cal.App.2d 50, 55 [63 Cal.Rptr. 581]; *People* v. *Le Gerrette,* 245 Cal. App.2d 764, 765 [54 Cal.Rptr. 304].) Each cited case involved an appeal from a civil commitment order and in each the defendant was denied the right to attack his criminal conviction for alleged errors in the criminal proceeding: admission of evidence (*People* v. *Murphy, supra*), illegal entry and arrest (*People* v. *Gonzales, supra*), and unlawful search and seizure (*People* v. *Le Gerrette, supra*). Defendant's remedy to attack such errors is by way of a motion for new trial in the criminal proceeding, an appeal from the judgment of conviction or order granting probation, or habeas corpus. (*People* v. *Le Gerrette, supra,* 245 Cal.App.2d 764, 766; *People* v. *Bennett,* 245 Cal.App.2d 10, 13-14 [53 Cal.Rptr. 579]; *People* v. *Glaser,* 238 Cal.App.2d 819, 821-824 [48 Cal.Rptr. 427].)

Defendant concedes the foregoing principles and argues that unlike the cited cases, the instant case involves a violation of the constitutional right to counsel, a jurisdiction defect. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 13; *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *In re Johnson,* 62 Cal.2d 325, 329-336 [42 Cal.Rptr. 228, 398 P.2d 420].) He contends that a valid criminal conviction is a prerequisite for jurisdiction in the civil proceeding (*In re Bevill,* 68 Cal.2d 854, 858-860 [69 Cal.Rptr. 599, 442 P.2d 679]; *People* v. *Jasso,* 2 Cal.App.3d 955, 968 [82 Cal.Rptr. 229] (hear. den.); *Wilson* v. *Blabon* (9th Cir. 1968) 402 F.2d 963[2]), and that *Murphy, supra,* 70 Cal.2d 109, 114-115, and the other cited cases expressly hold that a collateral attack may be made on jurisdictional grounds.

---

[2]A contrary result was first reached by the Circuit Court of Appeals; see *Wilson* v. *Blabon* (9th Cir. 1967) 370 F.2d 997, cited in *In re Bevill* at p. 859. Thereafter the U.S. Supreme Court granted certiorari, vacated the judgment and remanded the cause to the Circuit Court of Appeals for further consideration in the light of *In re Bevill.*

Our question is procedural: whether the constitutional issue can be raised by a collateral attack on the criminal conviction in the civil commitment proceeding, as contended by defendant, or must it be raised in the criminal proceeding or by way of habeas corpus, as contended by the People?

*In re Bevill, supra,* 68 Cal.2d 854, presented the question as to whether a person confined as a mentally disordered sex offender could challenge by habeas corpus the validity of his prior criminal conviction in which the proceedings had been suspended pending his confinement. The Supreme Court determined that the criminal conviction was invalid because the statute under which the petitioner was convicted did not apply to his conduct, held that a valid conviction of a crime was a prerequisite to his civil commitment, and ordered petitioner's discharge from custody.

*Wilson* v. *Blabon* (9th Cir. 1968) *supra,* 402 F.2d 963, was also a habeas corpus proceeding. Following a misdemeanor conviction, the petitioner was tried and determined to be a mentally disordered sex offender and was given an indeterminate commitment. Based upon the finding in the habeas corpus proceeding that the petitioner had not been informed of his right to have court-appointed counsel in his criminal trial, the court held that the criminal conviction was invalid because of the deprivation of the constitutional right to counsel, quoting *Bevill, supra,* as authority that a valid criminal conviction was a necessary requisite for a valid civil commitment. In granting the writ the court stated on page 966, "this constitutional defect infects the subsequent civil commitment . . . and renders constitutionally invalid that commitment."

In the recent case of *People* v. *Jasso, supra,* 2 Cal.App.3d 955 (hear. den.), defendant had been convicted in two separate criminal proceedings; each was adjourned pending a civil narcotic addiction proceeding, which resulted in a commitment order. Defendant sought review of one criminal conviction by habeas corpus, one criminal conviction by appeal, and the civil commitment order by appeal, each on the grounds of illegal search and seizure. The three cases were consolidated for purposes of appellate review. The Court of Appeal found that the search and seizure was illegal in both criminal cases. Based on this finding it reversed the order from which the appeal was taken in one criminal case, and denied habeas corpus and ordered the trial court to grant defendant's motions for new trial and to suppress evidence in the other criminal case. As to the appeal from the civil commitment order the court, relying on *Bevill, supra,* held that a valid criminal conviction was an indispensable jurisdictional requirment for a valid civil narcotic commitment proceeding, that since the

criminal convictions had been found to be invalid, the civil commitment order must be reversed. (*People* v. *Jasso*, at pp. 968-969.)

It must be noted as to these cases (*Beville, Wilson* and *Jasso*), *Beville* and *Wilson* referred to the valid criminal conviction as a necessary prerequisite to the commitment proceeding; only *Jasso* referred to it as *jurisdictional* to the commitment proceeding; further, the validity of the criminal convictions in *Bevill, Wilson* and as to one of the criminal cases in *Jasso* was determined by habeas corpus; the validity of the other criminal conviction in *Jasso* was determined on direct appeal; in none of these cases was the validity of the criminal convictions determined by a collateral attack in the commitment proceeding.

The last word of our Supreme Court was by its denial of the petition for hearing in *Jasso*, thereby indicating that a valid conviction was jurisdictional, and that under *Murphy, supra,* 70 Cal.2d 109, 114-115, *Gonzales, supra,* 256 Cal.App.2d 50, 55, and *Le Gerrette, supra,* 245 Cal.App.2d 764, 765, such jurisdictional error could be reviewed on this appeal.

This conclusion should especially be true when it involves a possible denial of a fundamental constitutional right that "infects the subsequent civil commitment." (*Wilson* v. *Blabon, supra,* 402 F.2d at p. 966.) In *People* v. *Glaser, supra,* 238 Cal.App.2d 819 (hear. den.), a somewhat analogous situation was presented. Following a conviction, proceedings were suspended without imposition of sentence and defendant was placed on probation. Approximately six months thereafter, his probation was revoked and sentence imposed. He appealed, seeking a review of alleged errors that occurred during trial. The court held that although an appeal would lie from the order revoking probation, matters that occurred at the trial could not be reviewed on the appeal. (*Glaser, supra,* at p. 821.) The court then added at page 824: "Defendant's failure to establish that his appeal as a matter of course encompasses a review of all matters leading to his conviction does not relieve this court of the obligation to consider those alleged errors which may be raised at any time because they involve violations of fundamental constitutional rights. 'Fundamental jurisdictional defects, like constitutional defects, do not become irremediable when a judgment of conviction becomes final, even after affirmance on appeal. [Citation.] However, the petitioner must show that the defect so fatally infected the regularity of the trial and conviction as to violate the fundamental aspects of fairness and result in a miscarriage of justice.' (*In re Winchester* (1960) 53 Cal.2d 528, 531-532 [2 Cal.Rptr. 296, 348 P.2d 904].)" The court in *Glaser* then proceeded to examine the alleged errors in the light of the foregoing quotation, found constitutional error in that defendant, appearing

in propria persona, had not been advised before testifying of his right against self-incrimination, but that the error did not so infect the trial as to cause a miscarriage of justice.

■ The fundamental constitutional right to counsel at all stages of criminal proceedings is guaranteed by the Sixth Amendment of the United States Constitution and by article I, section 13, of the California Constitution. (See *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *In re Johnson,* 62 Cal.2d 325, 329-336 [42 Cal.Rptr. 228, 398 P.2d 420].) If the defendant is without counsel at the time of arraignment, "he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him." (Pen. Code, § 987.) ■ A defendant may waive his right to counsel, but the court cannot accept a waiver of counsel from anyone without first determining that he understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, and the punishment which may be exacted, i.e. that he intelligently and understandingly waives the right to counsel. Neither the failure to request counsel nor the entry of a guilty plea is sufficient to constitute a waiver of the right. (*In re Johnson, supra.*)

■ The People contend that defendant has failed to meet the test of *Winchester,* quoted in *Glaser, supra,* and that therefore his collateral attack on the criminal conviction should be denied. We do not agree. We have defendant's undisputed testimony as to his non-waiver of his right to counsel, and as to his reliance on the deputy district attorney's assurance that he would be placed on probation. We have the certified copies of the municipal court docket sheet and of the order granting probation, attached to respondent's brief, which appear to uphold defendant's contention that he did not waive his right to counsel. Furthermore, we have the defendant's testimony in the civil commitment proceeding that he had a defense to the failure to provide charge.

■ Although the objection to jurisdiction was overruled, the record does not indicate whether the ruling was based on a lack of credence as to defendant's testimony or whether the committing court was of the opinion that the objection was not raised in the proper court or by the proper procedure.

The record does not indicate that the People had advance notice of the contention, whether they were conceding the truth of the facts, or whether they were unprepared to meet the issue. No request for continuance was made, possibly in view of the ruling of the court following the People's

argument that the superior court did not have jurisdiction in the narcotic addiction proceeding to overturn the municipal court failure to provide conviction, and that defendant's only remedy as of that date was habeas corpus.

We hold that the issue of whether the defendant knowingly and understandingly waived counsel in the criminal proceeding must be determined by the superior court, that its jurisdiction is dependent on its conclusion at such hearing.

### Time Gap Between Conviction and Commitment

Although not necessary for this decision in view of the foregoing conclusion, for the guidance of the superior court if it determines that it has jurisdiction to proceed under section 3050 of the Welfare and Institutions Code, we consider defendant's second contention.

■ Defendant argues that he was placed on probation in March 1968 but was not certified to the superior court for consideration for the rehabilitation program until October 1968. He contends the jurisdiction of the trial court is limited to a commitment at or about the time of the criminal conviction. The argument is based upon the first two words of section 3050, that "upon conviction" the trial judge may order commitment proceedings. There is no merit to the contention. According to the dictionary the word "upon" may have many and varied meanings. In *People* v. *Williams,* 24 Cal.2d 848, 852 [151 P.2d 244] it was held that "upon" could mean "before, after or simultaneously with," according to the context and purpose of the provision in which it is used. We hold that "upon conviction," as used in section 3050 of the Welfare and Institutions Code, may properly be interpreted as meaning "after" a criminal conviction, rehabilitation proceedings may be initiated.

Reversed with directions.

Ford, P. J., and Allport, J., concurred.