[Crim. No. 2908. Fifth Dist. June 7, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ALTON PRESLIE, Defendant and Appellant.

488

**COUNSEL**

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, David M. Blackman and Stephen Berlin, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and Gary A. Binkerd, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Appellant was convicted of murder in violation of Penal Code section 187 on his plea of guilty. The underlying appeal herein is limited in scope to review of the denial of appellant's motion to suppress evidence in the trial court pursuant to Penal Code section 1538.5, subdivision (m).

Appellant attached to his opening brief an uncertified copy of an affidavit, search warrant and return and requested this court to take judicial notice of or augment the record on appeal to include those documents.[1]

It appears that the requested documents are lodged with and are on file in the superior court though they were not introduced in evidence. There are appellate issues as to whether the documents were considered by the trial court and whether the appellant relied upon or adequately raised the substantive issue to which these documents relate in the trial court.

---

[1] The request was made in footnote 18 of appellant's opening brief, which reads: "A photostatic copy of the Affidavit, Search Warrant, and return is attached to this brief as Exhibit 'A.' Appellant Preslie respectfully requests that this Court consider this document on appeal either pursuant to its power to take judicial notice of court records under Evidence Code section 402(d) [*sic*], or by augmentation of the record pursuant to California Rules of Court, Rule 33(b) [*sic*]."

It is conceded that reference to Evidence Code section 402, subdivision (d), and California Rules of Court rule 33(b) should be to Evidence Code section 452, subdivision (d), and rule 12(a), respectively.

The issues now before the court arise by reason of respondent's motion to strike appellant's opening brief or impose alternative sanctions authorized by California Rules of Court[2] rule 18,[3] grounded on the fact that the brief refers to matters outside the present record on appeal. (See rule 13.) Appellant, while conceding the brief now refers to and relies upon the affidavit, search warrant and return which are outside the present record, argues that the record should be augmented to include those documents or in the alternative this court should judicially notice them. Therefore, the court has before it for resolution these procedural points: (1) the propriety of augmenting or taking judicial notice of a document when the document was not offered or used in the court below; (2) the timeliness of the request; (3) whether the motion to augment or take judicial notice must be raised by formal noticed motion pursuant to rule 41; (4) whether the documents to be judicially noticed must be certified.

### Motion to Augment

■ Rule 12(a) provides in pertinent part: "On suggestion of any party or on its own motion, the reviewing court, on such terms as it deems proper, may order that the original or a copy of a paper or record on file or lodged with the superior court be transmitted to it, or that portions of the oral proceedings be transcribed, certified and transmitted to it, . . ."

By the explicit terms of the rule it is not a prerequisite to augmentation that the requested documents be offered or used on the trial or hearing below. All it requires is that the documents be " 'on file in or lodged with the superior court.' " *People* v. *Wein* (1958) 50 Cal.2d 383, 411 [326 P.2d 457], and *People* v. *Pearson* (1969) 70 Cal.2d 218, 221-222, footnote 1 [74 Cal.Rptr. 281, 449 P.2d 217], relied upon by respondent, were decided before the 1971 amendment to rule 12(a). The pre-1971 language of that rule required that the paper or document be "offered at or used on the trial or hearing below." It follows that both *Wein* and *Pearson* are no longer determinative of this question. Since the documents which are the

[2]All references in this opinion to rules are to the California Rules of Court.

[3]California Rules of Court rule 18 provides:

"When a brief fails to comply with the requirements of these rules the reviewing court, on application of any party or on its own motion, and with or without notice as it may determine, may: (1) order the brief to be returned to counsel for correction by interlineation, cancellation, revision or replacement in whole or in part, and to be redeposited with the clerk within a time specified in the order; (2) order the brief stricken from the files, with leave to file a new brief within a specified time; or (3) disregard defects and consider the brief as if it were properly prepared."

subject of this motion are on file or lodged with the superior court, the requirements of rule 12(a) in this regard are met.

■■ Rule 41, relating to motions in the reviewing court, is general in terms. Subdivision (a) states: "Except as otherwise provided in these rules, all motions in a reviewing court shall be made by the filing of a typewritten motion, with proof of service on all other parties, stating the grounds of the motion, the papers, if any, on which it is based, and the order or other relief requested. Each copy of the motion shall be accompanied by a memorandum of points and authorities, and if the motion is based on matters not appearing of record, by affidavits or other evidence in support thereof. Any showing in opposition to the motion shall be served and filed within 10 days after the service of the motion."

On the other hand, rule 12(a) authorizes augmentation on the "suggestion of any party or on its [the court's] own motion, . . ." The word "suggestion" strongly implies a procedure less formal than a noticed motion pursuant to rule 41. The draftsman's explanatory note to rule 12(a) supports this conclusion. That comment states in part: "This rule clarifies existing practice, and provides for a broad power to be exercised in a simple, informal manner." It would appear therefore that an augmentation request does not require a noticed motion pursuant to rule 41.

In this regard, respondent erroneously relies upon rule 23 to support its contention that a noticed motion is required. Rule 23 by its terms deals only with taking additional evidence in the reviewing court and thus is inapplicable to augmentation requests.

Notwithstanding the above, sound principles of judicial management and administration require that a party desiring to augment the record take the necessary action as early as practicable.

In criminal appeals particularly, the emphasis is upon expediting the disposition of the appeals. Several rules emphasize this policy to the end that the record be promptly prepared, certified and filed. Rule 33(b) authorizes an augmentation motion in the superior court before the record is filed. The parties should take advantage of this procedure to preclude late efforts to augment in the appellate court. Trial courts are required by other rules to prepare and promptly certify the record upon which the appellate court must rely. Rule 35 sets specific time limits within which this must be accomplished. In addition rule 53 requires that

the "rules shall be liberally construed to secure the just and speedy determination of appeals, . . ." and rule 77(a) places the responsibility squarely upon a presiding justice "for assuring that all records on appeal and briefs are promptly filed, . . ." Failure of the parties to promptly review the trial record upon receipt and, if indicated, to quickly move for augmentation results in unconscionable delays since not only does such a motion require time but additional time is consumed in the preparation and certification of the material with which the record is augmented and the parties normally require an extension of briefing time in order to treat the augmented material.

We conclude that in view of the discretionary nature of granting or denying an augmentation request, the desirability of establishing and solidifying the record as early as possible and the supervisorial responsibility of this court over appeals, informal requests for augmentation made after a reasonable time has expired from receiving the record on appeal, and particularly as late as those contained in briefs, will be denied absent a strong showing of unusual or unavoidable circumstances giving rise to the delay. We further indicate that it is desirable to make such motion at as early a date as practicable[4] and, though not required, rule 41 sets forth an appropriate method by which to proceed.

JUDICIAL NOTICE

Appellant has requested that this court take judicial notice of the described documents pursuant to Evidence Code section 452, subdivision (d), which provides:

"Judicial notice may be taken of the following matters to the extent that they are not embraced within Section 451:

".    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Section 452 is generally known as the discretionary judicial notice statute.

Evidence Code section 459, in addition to requiring the reviewing court to take judicial notice of each matter properly noticed by the trial court, provides "[t]he reviewing court *may* take judicial notice of any

---

[4]In all cases a request to augment *should* be served upon opposing parties by the party making the request.

matter specified in Section 452." (Italics added.) Subdivision (c) of section 459 states that "[w]hen taking judicial notice under this section of a matter specified in Section 452 . . . that is of substantial consequence to the determination of the action, the reviewing court shall comply with the provisions of subdivision (a) of Section 455 if the matter was not theretofore judicially noticed in the action." Section 455, referred to in subdivision (c) of section 459, provides in substance that before taking judicial notice pursuant to section 452 the court shall afford each party reasonable opportunity to present to the court information relevant to (1) the propriety of taking judicial notice of the matter and (2) the tenor of the matter to be noticed.

It is manifest that section 452, subdivision (d), by its terms authorizes taking judicial notice of records on file in the action before the trial court whether or not they are in evidence in the proceedings and whether or not the trial judge relied upon them. This is, of course, not to say that the appellate court will take judicial notice of such documents or other matters if they have not been presented to the trial court; as a general rule the court should not take such notice if, upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance. As the court said in *People* v. *Superior Court (Mahle)* (1970) 3 Cal.App.3d 476, 482, footnote 3 [83 Cal.Rptr. 771]: "We decline to take judicial notice of these facts on the basis that they are evidentiary matters incident to the motion to suppress which should have been presented to the court below and are not matters of which we are required to take judicial notice. In this proceeding 'we are required to determine the matter on the basis of the record of the trial court' (*Thompson* v. *Superior Court,* 262 Cal.App.2d 98, 106 [68 Cal.Rptr. 530]) since a proceeding to suppress evidence under section 1538.5 'is one in which a full hearing is held on the issues before the superior court sitting as a finder of fact.' (*People* v. *Heard,* 266 Cal.App.2d 747, 749 [72 Cal.Rptr. 374].)" (See *People* v. *Talley* (1967) 65 Cal.2d 830, 837-838 [56 Cal.Rptr. 492, 423 P.2d 564]; *People* v. *Manning* (1973) 33 Cal.App.3d 586, 601 [109 Cal.Rptr. 531]; but see *People* v. *Terry* (1974) 38 Cal.App.3d 432, 439 [113 Cal.Rptr. 233]; *People* v. *Bautista* (1970) 6 Cal.App.3d 344, 348-349 [85 Cal.Rptr. 688]; *People* v. *Phillips* (1964) 229 Cal.App.2d 496, 498, fn. 3 [40 Cal.Rptr. 403].)

Because the propriety of taking judicial notice usually requires an analysis of the substantive issues involved, the decision whether or not

judicial notice will in fact be taken will normally be postponed and made at the time the cause is considered on the merits as an additional appellate issue. For example, in the case at bench there are serious appellate issues as to whether the documents in question were considered by the trial court and whether the appellant relied upon or adequately raised a substantive issue to which these documents relate in the trial court. In any given case, it may well be that the request for judicial notice may be grounded upon an appellate contention which appellant is precluded from asserting by reason of other well established principles on appeal.

■ Turning to the issue of the proper procedure for bringing the request before the court, no sufficient reason appears why a formal noticed motion pursuant to rule 41 should be required, and such a procedure appears to be contrary to the informality contemplated by the Evidence Code.[5] Section 459, subdivisions (c) and (d), clearly places upon the court rather than the party the duty to give the adverse party an opportunity to meet the matter to be judicially noticed.[6] Since the propriety of taking judicial notice will not usually be determined until the cause is being decided on the merits, we see no objection per se to a request for judicial notice being made in a brief though it is desirable in the interest of orderly judicial procedure that it be made well before that time. (See *People* v. *Bautista, supra,* 6 Cal.App.3d 344, 348-349—certified copies of documents attached to the brief; *People* v. *Phillips,. supra,* 229 Cal.App.2d 496, 498, fn. 3—request contained in brief.)

■ Turning to the issue of the proper form of bringing to the appellate court's attention the record to be noticed, it must first be noted that it is the original court record that is being noticed. Before the appellate court can properly act upon a request to take judicial notice of a document or other record from the trial court which is purportedly part of that record, it must be assured that the original is actually on file in the superior court and that the copy of the document or record is in fact a true and correct copy.[7] Without such assurance the court cannot act with confidence.

---

[5]Evidence Code section 453 specifically states that judicial notice shall be taken if ". . . a party requests it and (a) [g]ives each adverse party sufficient notice of the request, through the pleadings or otherwise, . . ."

[6]However, fairness dictates that in all cases a request for judicial notice be served upon opposing parties by the party making the request.

[7]This, of course, is the procedure and form of document upon which the appellate courts customarily act in dealing with trial court records. See, for example, the form of the county clerk's certification attached to the clerk's transcript on appeal.

Accordingly, when a party desires the appellate court to take judicial notice of a document or record on file in the court below the parties should furnish the appellate court with a copy of such document or record certified by its custodian.[8]

■ We conclude that since appellant's request for augmentation was not promptly made and the request for judicial notice was not accompanied by a certified copy of the documents desired to be noticed, the warrant, affidavit and return attached to appellant's brief and all references to such documents therein are stricken without prejudice to proceed anew in accordance with this opinion. The motion is otherwise denied.

Gargano, J., and Franson, J., concurred.

---

[8]This general rule undoubtedly has its exceptions, but it is the burden of the party requesting judicial notice to show good cause for not furnishing certified copies.