Filed 11/14/22 P. v. Perez CA5
Opinion following transfer from Supreme Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GUY PEREZ,<br><br>    Defendant and Appellant. | F079351<br><br>(Super. Ct. No. SUF18323B)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County. Mark V. Bacciarini, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Petitioner Guy Perez petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for first degree murder (§ 187). The superior court denied the petition at the prima facie stage, without appointing counsel, on the ground petitioner was a major participant in the underlying felony who acted with reckless indifference to human life.

On appeal, petitioner argues the superior court erred in failing to appoint counsel and ultimately in denying the petition at the prima facie stage. He argues the court improperly resolved disputed factual issues. He further contends the jury's true finding on a kidnapping circumstance, which required the jury to find he was a major participant in the underlying felony and acted with reckless indifference to human life (§ 190.2, subds. (a)(17), (d)), does not preclude relief because it was made prior to our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

In our original opinion we held the jury's special circumstance finding rendered petitioner ineligible for resentencing as a matter of law. Accordingly, we held any error in failing to appoint counsel or otherwise follow the procedures set out in former section 1170.95, subdivision (c) was harmless. We therefore affirmed the superior court's denial of the petition. (*People v. Perez* (June 16, 2021, F079351) [nonpub. opn.].)

Petitioner petitioned the California Supreme Court for review (S270034). The state high court granted review and ultimately transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Pursuant to the California Supreme Court's order, we vacated our prior opinion. We also advised the parties of our intention to reverse and remand this

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

matter with directions to issue an order to show cause, in light of the holding in *Strong*. Petitioner filed a letter brief stating his agreement with the court's proposed disposition. The People filed a letter brief stating they had no objection to the proposed disposition.

In light of *Strong*, we will reverse the superior court's order denying the petition and remand with directions for the court to appoint counsel to represent petitioner and to issue an order to show cause.

## FACTUAL AND PROCEDURAL HISTORY

On November 20, 1996, a jury convicted petitioner of first degree murder (§ 187; count 1), with a special circumstance that the murder was committed during the commission of a kidnapping (§§ 190.2, subd. (a)(17), 207) and kidnapping (§ 207, subd. (a); count 2).[2]  On count 1, the court sentenced petitioner to life without the

---

[2] The People filed a motion requesting that we take judicial notice of the record of petitioner's direct appeal in case No. F027679 on the ground that "[t]he trial court appears to have reviewed the trial record leading to its ruling."  Petitioner opposes the motion.

We grant the People's request in part and take judicial notice of our prior nonpublished opinion, *People v. Perez* (Aug. 6, 1998, F027679), which was submitted to the trial court and is referred to by both parties in their briefing.  That opinion suggests petitioner's convictions arose out of an incident in which the victim was shot in the head multiple times in an orchard.  The victim was taken to the orchard in the trunk of petitioner's vehicle, and the actual killer was accompanied on that trip by petitioner and several others. (*Ibid.*)  We provide these facts as context for the parties' arguments and the court's ruling, but do not rely on them for our holding. (See § 1172.6, subd. (d)(3).)

The remaining record in case No. F027679 is not relevant to our disposition of the instant appeal, and we therefore decline to grant the People's request for judicial notice as to that record. (See *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [court may not take judicial notice of any matter that is irrelevant].)  We note, in particular, that the court reporter was unable to prepare transcripts of petitioner's trial for the instant record on appeal due to the age of the case.  It therefore is apparent the trial court did not consider the trial transcripts when addressing the instant petition. (See *People v. Preslie* (1977) 70 Cal.App.3d 486, 493 [generally, court should not take judicial notice of matter that has not been presented to and considered by the trial court in the first instance]; see also *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [same].)

possibility of parole.  Sentence on count 2 was imposed and stayed pursuant to section 654.

On March 25, 2019, petitioner filed a petition for resentencing pursuant to section 1172.6.  In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first or second degree murder at trial; and he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime. He requested counsel be appointed to represent him.

On April 29, 2019, the People filed an opposition to the petition, arguing section 1172.6 is unconstitutional and, in any event, petitioner does not qualify for resentencing because the jury's finding on the kidnapping-murder special circumstance precluded him from making a prima facie showing that his conviction falls within the provisions of section 1172.6.  The People included with their opposition a copy of this court's nonpublished opinion in petitioner's direct appeal (*People v. Perez*, *supra*, F027679), and also asked the court to take judicial notice of the entire court file.

On May 7, 2019, the court summarily denied the petition as follows:

> "The record shows petitioner was prosecuted under the felony murder theory.  He was not the actual killer.  He did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree.  However, petitioner could be convicted of first degree murder today, regardless of the changes to sections 188 or 189, because he was a major participant who acted with reckless indifference to human life, as evidenced in the true finding on the special circumstance, as described in subdivision (d) of section 190.2.
>
> "Thus, the petition is **DENIED**."

This timely appeal followed.

4.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *Strong*, *supra*, 13 Cal.5th at pp. 707-708.) Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Strong*, at p. 708.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)-(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.) If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974 (*Lewis*); see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Appointment of Counsel

Petitioner contends the trial court erred by summarily denying his facially sufficient petition without appointing counsel and permitting further briefing.

At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1172.6 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-967.) However, our Supreme Court and Legislature have since clarified that counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1172.6, subdivision (b)(1) and (2). (§ 1172.6, subd. (b)(3); accord, *Lewis*, at pp. 962-963, 967.) Here, the People do not suggest the petition failed to meet the requirements of section 1172.6, subdivision (b). Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1172.6, subdivisions (b)(3) and (c).[3] (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) The court erred in disposing of the petition without following these procedures.

## III. Prejudice

Because the trial court erred in failing to appoint counsel or permit further briefing, we may affirm only if petitioner was not prejudiced by the error. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) Because the record does not establish petitioner is ineligible for resentencing as a matter of law, we cannot conclude the court's error in failing to appoint counsel was harmless.

While this appeal was pending, our Supreme Court issued its opinion in *Strong*, *supra*, 13 Cal.5th 698. Therein, the high court held that a special circumstance finding

---

[3] We reject petitioner's argument that the denial of counsel violated his constitutional rights. Our Supreme Court has determined the failure to appoint counsel in a section 1172.6 proceeding is error under state statutory law only. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-973.)

entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *Clark*, *supra*, 63 Cal.4th 522 and *Banks*, *supra*, 61 Cal.4th 788 did not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[4] (*Strong*, at p. 703.) In light of *Strong*, the special circumstance finding in the instant case is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, at p. 703.)

*Strong* is dispositive of this case. The special circumstance finding was made before *Banks* and *Clark* and therefore is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Because the People have presented no other basis to deny the petition at the prima facie stage,[5] the order denying the petition must be reversed and the matter remanded with directions to appoint counsel, to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The May 7, 2019 order denying the petition is reversed and the matter remanded with directions to appoint counsel, issue an order to show cause and, to the extent necessary, hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

---

[4] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and . . . to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)

[5] The People do not argue the factual record before the trial court permitted the court to deny the petition at the prima facie stage. We therefore need not address petitioner's contention that the trial court may have resolved disputed factual issues in denying the petition.