Filed 1/12/23  In re A.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.F., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN and FAMILY SERVICES BUREAU,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NA. S. et al.,<br><br>        Appellants. | A164387<br><br>(Contra Costa County Sup. Ct. No. J19-00835) |

The alleged paternal aunts, Ny. S. and Na. S., of minor child A.F. appeal juvenile court orders denying their modification petition (Welf. & Inst. Code, § 388; undesignated references are to this code) — which sought A.F.'s placement with them — and denying their request to clarify that ruling.[1] They argue the relative placement preference (§ 361.3) or, alternately, their status as nonrelative extended family members required the court to place

---

[1] Appeals of an order terminating parental rights filed by mother and alleged father were decided in *In re A.F.* (Sept. 15, 2022, A164101), a nonpublished opinion.

1

A.F. with them after she was removed from her mother, C.F.  They further contend the court abused its discretion by summarily denying their request without an evidentiary hearing.  We disagree and affirm.

## BACKGROUND[2]

A.F. was born in March 2012.  Her alleged father is S.S.  Alleged aunts,[3] both of whom live in Florida, are S.S.'s sisters.  In 2015, A.F. lived with Na. S. for approximately one year.  At some point thereafter, A.F. was living with mother in Contra Costa County.  In September 2019, Contra Costa County Children and Family Services Bureau (the Bureau) detained A.F. from mother — the events leading to the detention are unclear due to the limited record available on appeal.

In October 2019, the Bureau notified alleged aunts that juvenile proceedings had been initiated for A.F. and she was currently in foster care.  The Bureau sent them information regarding how to assist A.F., such as attending a child and family team meeting to make decisions about A.F., helping A.F. reunify with mother, providing information about additional family members, or having A.F. live with them.  According to Na. S., a family

---

[2] The evidentiary documents and hearing transcripts in A.F.'s juvenile proceeding are unavailable to alleged aunts due to confidentiality restrictions.  (Cal. Rules of Court, rule 8.401(b)(1); § 827.)  While this case was being briefed, Ny. S. asked this court to take judicial notice of the results of S.S.'s paternity test and copies of three court complaints filed against Contra Costa County regarding individuals not involved in this proceeding.  We deferred ruling on the request until the merits of the appeal, and we now deny it.  (*People v. Preslie* (1977) 70 Cal.App.3d 486, 493–494.)  Alleged aunts did not present the documents in the juvenile court, and the court complaints are not relevant to the issues on appeal.  (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.)

[3] We refer to Ny. S. and Na. S. as alleged aunts because their brother, S.S., is an alleged father, with no disrespect intended.

team meeting never occurred. Na. S. repeatedly sought information about adopting A.F., but the Bureau did not provide it. Ny. S. similarly expressed a willingness to adopt A.F. Na. S. indicated she applied to the Bureau as a relative placement, but the Bureau did not confirm receiving her application, and it did not provide her with any updates. The Bureau sporadically responded to Na. S.'s communications and, when it did, it noted it was working on reunifying A.F. with mother, not investigating placements.

In October 2021, the juvenile court scheduled a permanency hearing to consider terminating mother's parental rights. (§ 366.26.) The same month, alleged aunts filed a petition for modification (§ 388) seeking to be heard at the permanency hearing and subsequent hearings regarding placement and adoption of A.F., and for a finding Na. S. was entitled to a relative placement based on statutory preferences. According to a relative information form filed simultaneously with the petition, Na. S. insisted A.F. had an extensive relationship with alleged father's family, and A.F. communicated with her during her visits with mother. Na. S. and Ny. S. also alleged the Bureau failed to comply with procedural requirements regarding relative notification, placement, and adoption, and they sought to cross-examine the Bureau's social workers.

The juvenile court denied the modification petition. The court explained S.S. is an alleged father, not a biological or presumed father. By the time the court considered alleged aunts' modification petition, parental rights had already been terminated and S.S. remained only an alleged father. Consequently, alleged aunts did not have standing. It further concluded the requested relief was not in A.F.'s best interests. The court also summarily denied alleged aunts' subsequent request for clarification on whether the Bureau fulfilled its duty to perform a relative search for placement and

3

adoption, which they allege caused A.F. to suffer from severed relationships with relatives.

## DISCUSSION

Alleged aunts argue the juvenile court abused its discretion by denying — without an evidentiary hearing — their request to have A.F. placed with them. We disagree.

Any "parent or other person having an interest" in a dependent child of the juvenile court may petition to change, modify, or set aside a prior court order based on changed circumstances or new evidence that such modification would promote the child's best interests. (§ 388, subd. (a)(1); *In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.) The court, after liberally construing the petition, must hold a hearing if the petitioner makes a prima facie showing the circumstances have changed since the prior court order and the interests of the child would be promoted by the proposed change. (§ 388, subd. (d); *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806–807; *G.B.*, at p. 1157.) The petitioner fails to satisfy this burden if the allegations "would fail to sustain a favorable decision even if they were found to be true at a hearing." (*G.B.*, at p. 1157.) Summary denials of modification petitions are reviewed for abuse of discretion. (*Id.* at p. 1158.) We may not substitute our decision for the juvenile court's when two or more inferences can be reasonably deduced from the facts. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319 (*Stephanie M.*).)

Liberally construing the allegations in alleged aunts' modification petition, they fail to demonstrate the juvenile court abused its discretion by summarily denying the petition. Even assuming alleged aunts demonstrated they were A.F.'s relatives — which we do not find — "the fundamental duty of the court is to assure the best interests of the child, whose bond with

4

a foster parent may require that placement with a relative be rejected." (*Stephanie M.*, *supra*, 7 Cal.4th at p. 321.)  At this stage in the juvenile dependency proceeding, i.e., posttermination of parental rights, the court was well within its discretion in deciding a change of placement was not in A.F.'s best interests.

The record indicates alleged aunts have limited contact with A.F.  Both live across the country in Florida.  (Cf. *In re Joseph T.* (2008) 163 Cal.App.4th 787, 798 [denying relative's placement request was harmless error where relative lived in a different county from minor's mother, and placement with relative would frustrate the primary goal reuniting mother with detained child].)  Although Na. S. alleged A.F. remembers her well and would be happy to live in her house, neither of alleged aunts had been in A.F.'s physical presence for at least two years — between A.F.'s removal from mother and the filing of the modification petition.  Aside from the one year A.F. lived with Na. S. as a toddler in 2015 and the unspecified number of video chats with A.F. during mother's supervised visits, the record discloses little relationship between alleged aunts and A.F.  (*Stephanie M.*, *supra*, 7 Cal.4th at p. 324.)  In contrast, A.F.'s foster parents were her primary caretakers for over two years.  (*In re Lauren Z.* (2008) 158 Cal.App.4th 1102, 1112 [no abuse of discretion in refusing to place child with relative despite delays for assessing the relative placement since child resided with foster parents with whom she bonded].)  Alleged aunts fail to establish an abuse of discretion.  (*Stephanie M.*, at pp. 319–320 [relative preference, even when it applies, does not "overcome the juvenile court's duty to determine the best interest of the child"].)

Given this conclusion, we need not address alleged aunts' arguments challenging the juvenile court's ruling that they lacked standing.  (*In re*

5

*Robert L.* (1993) 21 Cal.App.4th 1057, 1067 [upholding ruling if it is correct on any basis, regardless of the ground relied upon by juvenile court], superseded by statute on another ground as stated in *Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1032.) Nor need we address their alternative assertion that the court should have considered them as nonrelative extended family members for placement, an argument they forfeited by failing to raise it below. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221–222.)

We also reject Ny. S.'s remaining arguments. First, to the extent she argues the Bureau violated alleged aunts' rights by failing to comply with relative placement statutes or regulations, that issue is not relevant here (even though it is certainly troubling if true). Rather, the central issue is whether removing A.F. from her foster parents and placing her with alleged aunts would be in A.F.'s best interests. (*Stephanie M.*, *supra*, 7 Cal.4th at p. 323.) And in any event, Na. S. concedes the Bureau complied with its obligations, noting the Bureau sent her a " 'relative notification letter' " at the start of A.F.'s dependency case.

Second, there is nothing in the limited record to support Ny. S.'s assertion the juvenile court violated any mandatory duty to ensure the Bureau complied with relative placement requirements. Indeed, as Na. S. notes, "[w]hether the court had made the required finding at disposition that the Department had exercised due diligence to locate and notify relatives cannot be determined from the record, which does not include the minute order from the dispositional hearing."

Finally, Ny. S. makes a number of disturbing assertions regarding A.F.'s foster family, mother's welfare history, the name of the alleged social worker in this case, and limited visits due to COVID restrictions. But many

6

of these assertions were not presented to the juvenile court, and there is scant evidence in the record to support them. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 [disregarding statements in briefs based on factual matters outside the record on appeal].) And to the extent Ny. S. states we must reverse the court order denying alleged aunts' motion for clarification, that argument has been abandoned due to her failure "to articulate any pertinent or intelligible legal argument." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 [appellate court is not required to consider alleged error "where the appellant merely complains of it without pertinent argument"].)

## DISPOSITION

The order is affirmed.

                       _____

                       Rodríguez, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Petrou, J.

A164387