[Crim. No. 2940. Fifth Dist. Jan. 31, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
GORDON MURRAY, Defendant and Appellant.

## COUNSEL

Register & Williams, Harold L. Williams and Curtis B. Sisk for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones, Edmund D. McMurray and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN (G. A.), P. J.—George Murray, who owned and operated the Big Star Motel, was convicted of four counts of receiving stolen property (Pen. Code, § 496). He appeals. Counts one and two are based upon a stolen Sony color television set (count one) and a stolen RCA portable television set (count two), both of which items were seized by the police from a combination storage and bedroom adjacent to appellant's office at the motel. Counts three and four are grounded upon stolen items seized by the police from an old defunct pool hall owned by appellant's wife and used by appellant for storage space.

We reverse on the ground that since the items forming the basis for the charges were illegally seized appellant's pretrial Penal Code section 1538.5 motion should have been granted, leaving insufficient evidence to support the convictions.

No evidence was presented at the Penal Code section 1538.5 motion argued and submitted on April 22, 1976,[1] and the preliminary hearing

---

[1]A second Penal Code section 1538.5 motion was made on July 9, 1975, at which appellants, under *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77 [104 Cal.Rptr. 226, 501

transcript was not expressly offered as the evidentiary basis upon which the motion was made. However, it is apparent from the arguments of counsel and the statements of the trial judge that the parties and the court in fact considered the preliminary hearing transcript which was before the court and ruled upon the motion based upon evidence appearing therein.[2] The preliminary hearing transcript is also before us. The court therefore will take judicial notice of the preliminary hearing transcript. (*People* v. *Preslie* (1977) 70 Cal.App.3d 486, 492-494 [138 Cal.Rptr. 828].)

## COUNTS THREE AND FOUR

■ The items upon which the convictions of counts three and four are predicated were seized from the old pool hall pursuant to a search warrant, No. 19349, which authorized the seizure of "television sets, power tools, appliances, hand tools, home furniture, clothing, power drill press."

Both article I, section 13, of the California Constitution and Penal Code section 1525 require that the warrant particularly describe the thing or property to be seized. In *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238, 249 [118 Cal.Rptr. 166, 529 P.2d 590], our Supreme Court laid down the appropriate test for us to follow: "The requirement of particularity is designed to prevent general exploratory searches which unreasonably interfere with a person's right to privacy. [Citation.] The Penal Code demands reasonable particularity (Pen. Code, § 1529), and this requirement is held to be satisfied if the warrant imposes a meaningful restriction upon the objects to be seized. [Citations.]" It has been stated that nothing should be left to the discretion of the officer. (*Marron* v. *United States* (1927) 275 U.S. 192, 196 [72 L.Ed. 231, 237, 48 S.Ct. 74].)

■ Whether the description in the warrant is sufficiently definite is a question of law on which this court makes an independent determination. (*Thompson* v. *Superior Court* (1977) 70 Cal.App.3d 101, 108 [138 Cal.Rptr. 603].)

■ Courts have held the following descriptions in search warrants to be insufficient: " 'all books, records, accounts and bank statements

---

P.2d 234], questioned the factual veracity of the contents of the affidavit supporting the search warrant directed at searching the motel. We do not here refer to that hearing.

[2]The judge stated at one point: "I think I understand the issues from the transcript of the preliminary hearing."

and cancelled checks of the receipt and disbursement of money and any file or documents referring to Harold D. Miller, June Trower, June Miller or Stacy Miller' " (*Burrows* v. *Superior Court, supra,* 13 Cal.3d 238, 241, 249); " 'certain personal property used as a means of committing . . . larceny' " (*People* v. *Mayen* (1922) 188 Cal. 237, 240, 242 [205 P. 435, 24 A.L.R. 1383] (overruled on other grounds in *People* v. *Cahan* (1955) 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R.2d 513], and *People* v. *Matteson* (1964) 61 Cal.2d 466, 470 [39 Cal.Rptr. 1, 393 P.2d 161])); " 'any and all other records and paraphernalia' " connected with the business being searched (*Aday* v. *Superior Court* (1961) 55 Cal.2d 789, 795-796 [13 Cal.Rptr. 415, 362 P.2d 47] (disapproved on other grounds in *Hicks* v. *Miranda* (1975) 422 U.S. 332, 346 [45 L.Ed.2d 223, 237, 95 S.Ct. 2281])); stolen merchandise (*Lockridge* v. *Superior Court* (1969) 275 Cal.App.2d 612, 625 [80 Cal.Rptr. 223]); " 'Evidences of indebtedness . . . including but not limited to such items as bills, contracts, checkstubs, checks, bankbooks . . .' " (*Griffin* v. *Superior Court* (1972) 26 Cal.App.3d 672, 692, 694 [103 Cal.Rptr. 379]).

Testing the language in the warrant before us against these criteria it is at once apparent that the description herein is too broad, does not place a meaningful restriction on the objects to be seized and must fail for a lack of a sufficiently specific description of the property subject to seizure. Accordingly, the entry and seizure pursuant to that warrant were invalid and the items seized should have been suppressed.

COUNTS ONE AND TWO

The two television sets were seized after the officers had gained entry to the Big Star Motel premises under the authority of warrant No. 19336. That warrant authorized the seizure of a number of items which did not include television sets; moreover, none of the items described in the warrant was found during the search.

Respondent relies upon the plain view doctrine to uphold the seizure as enunciated in *Skelton* v. *Superior Court* (1969) 1 Cal.3d 144, 157 [81 Cal.Rptr. 613, 460 P.2d 485], wherein the Supreme Court instructed: "When officers, in the course of a bona fide effort to execute a valid search warrant, discover articles which, although not included in the warrant, are reasonably identifiable as contraband, they may seize them whether they are initially in plain sight or come into plain sight subsequently, as a result of the officers' efforts." Most commonly, the plain view doctrine is applied to items which are inherently recognizable

as contraband, such as drugs, drug paraphernalia or illegal weapons. In *Skelton*, however, the officers, after they entered the premises pursuant to the authority of a search warrant, saw the following items not included in the warrant which were uncovered during the search: five women's rings; four women's watches; one man's watch; and two sets of silverware. The Supreme Court upheld the seizure of these items under the plain view doctrine, reasoning that the officers could rely upon burglary reports they had brought with them to identify the items as contraband. It would, in our opinion, also be reasonable to permit the officers to seize, for example, appliances from which serial numbers have been obliterated (see *People* v. *Baker* (1968) 267 Cal.App.2d 916, 918-920 [73 Cal.Rptr. 455]) or property which is otherwise readily identifiable as contraband through other distinctive markings or which during the course of a search is determined to be contraband through radio identification by an official source. The validity of the seizure of items not listed in the warrant is. also subject to the requirement that the contraband not listed in the warrant be discovered inadvertently (see *Coolidge* v. *New Hampshire* (1971) 403 U.S. 443, 465-466 [29 L.Ed.2d 564, 582-583, 91 S.Ct. 2022, 2037-2038]) and not as a result of using the warrant as a pretext to gain entry to the premises for the purpose of conducting a general exploratory search for unlisted property. (See *Skelton* v. *Superior Court, supra,* 1 Cal.3d 144, 154-155.)

In the case at bench the serial number on the Sony television was not removed and so far as the record appears it was indistinguishable from any other television of like make and model. As to the RCA television, the preliminary hearing record does not show that the officers discovered the serial number had been tampered with at the time the search was conducted.[3]

■ While a search and seizure conducted pursuant to a warrant is presumed to be legal and the burden is on the defendant to show the illegality (*Theodor* v. *Superior Court, supra,* 8 Cal.3d 77, 101), the seizure before us was not pursuant to a warrant but was by virtue of the plain view doctrine. The burden therefore in this regard is upon the prosecutor

---

[3]The reporter's transcript of the trial indicates the serial number on the body of the RCA had been removed, but it does not clearly appear whether this was determined at the scene of the seizure. It does appear from the preliminary hearing transcript that after the set was taken by the police the back cover was taken off to obtain the serial number. It also appears from counsel's arguments on the motion to suppress that the prosecutor was not relying upon the obliteration of the serial number to uphold the seizure but, as will hereinafter appear, upon other general knowledge of the officers that arguably gave them probable cause to believe that all of the television sets were stolen property.

(see *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23]) to show the applicability of the plain view doctrine. The prosecutor has failed to carry that burden. ▮▮ The two television sets upon which counts one and two were predicated were not inherently identifiable as contraband nor were they identified at the scene as having obliterated serial numbers or other distinctive markings to set them apart from any other Sony or RCA sets of the same make and model. It follows therefore that the seizure was not justified under the plain view doctrine and evidence thereof should have been suppressed.

The respondent argues that notwithstanding the lack of individual identification of the two television sets as being contraband, the seizure thereof should be sustained upon the theory that the officers had probable cause to believe the items were stolen, thus justifying the seizure.

Respondent points out that the evidence showed that the officers had general knowledge that appellant was fencing stolen property, that when they entered the combination bedroom/storage room they observed numerous items, including a shotgun, some 67 television sets, 20 of which had their serial numbers removed, and all of which were seized.

We decline to stretch the plain view doctrine to those limits as to do so would be to throw out the central purpose of a warrant, which is to interpose an unprejudiced and detached judicial mind between the officer and the seizure and to eliminate discretion in the officer. (*People* v. *Hill* (1974) 12 Cal.3d 731, 762 [117 Cal.Rptr. 393, 528 P.2d 1] (overruled on other grounds in *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872]).)[4] Notwithstanding a generalized suspicion that the television sets and other items had been stolen, and

---

[4]In *Hill* the officers were held to have probable cause to conduct a warrantless post-impound search of a vehicle under the doctrine of *People* v. *Laursen* (1972) 8 Cal.3d 192 [104 Cal.Rptr. 425, 501 P.2d 1145] and *People* v. *McKinnon* (1972) 7 Cal.3d 899 [103 Cal.Rptr. 897, 500 P.2d 1097]. During the search they discovered and seized items relating to a murder. The principal motivation for the search was apparently to discover evidence linking the defendants to the murder and was "most likely" unrelated to the offenses for which defendant had been originally arrested—possession of marijuana. (*Id.,* at p. 752.) The court held the officers did not have to obtain a search warrant for the seizure of the items. That case is distinguishable on the ground that the search was a warrantless search of an automobile, the mobility of which justified the search to begin with. In the case at bench the search was a warrant search of a residential structure. Moreover, the court in *Hill* suggested that there may have been probable cause to search the vehicle for evidence of the murder so that the search was justified under *Chambers* v. *Maroney* (1970) 399 U.S. 42, 51-52 [26 L.Ed.2d 419, 428-429, 90 S.Ct. 1975].

aside from the 20 television sets from which the serial numbers had been removed, the testimony at the preliminary hearing did not establish that the officers in fact knew which items were contraband and which items legitimately belonged to the appellant.[5]

Other contentions argued by appellant need not be reached or resolved inasmuch as the evidence upon which the charges herein are based is being suppressed and the cause will not be retried.

The judgment is reversed.

Franson, J., and Tuttle, J.,* concurred.

A petition for a rehearing was denied February 21, 1978, and the opinion was modified to read as printed above.

---

[5]Insofar as *People* v. *Jackson* (1970) 14 Cal.App.3d 57, 66-67 [92 Cal.Rptr. 91], seems to indicate to the contrary, we decline to follow that case.

*Assigned by the Chairperson of the Judicial Council.