**Charles W. KISH, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5605.**

Supreme Court of Wyoming.

March 23, 1982.

---

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, Elizabeth Greenwood, Student Intern, Wyoming Defender Aid Program, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Senior Asst. Atty. Gen., and Terry J. Harris, Legal Intern, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-defendant was found guilty after a jury trial of concealing stolen property with a value of one hundred dollars ($100.00) or more in violation of § 6–7–304, W.S.1977.[1] He appeals from the judgment and sentence contending that the warrantless seizure of evidence violated his constitutional rights under the Fourth Amendment to the United States Constitution and Art. 1, § 4 of the Wyoming Constitution and that the seized evidence and all other evidence resulting therefrom should have been suppressed.

We affirm.

During the morning of March 4, 1981, Officers Palmatier and Cooper of the Casper Police Department went to appellant's room at the Berry Hotel in Casper to talk with him concerning a forged or stolen check and a reported burglary of appellant's room. The officers possessed neither a search warrant for the room nor an arrest warrant for appellant. They were admitted to the room by appellant and, after conversing with appellant for a short time, obtained his oral consent to search the room for the stolen or forged check. Appellant also signed a consent form authorizing a general search of the room.

---

1. Section 6–7–304 provides in pertinent part: "Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, embezzled or obtained by false pretense, knowing the same to have been stolen, embezzled or obtained by false pretense, shall, if the goods are of the value of one hundred dollars ($100.00) or upwards, suffer the punishment prescribed for grand larceny * * *."

During the search of appellant's room the officers uncovered one and one-half pair of boots between the mattress and box springs of the bed. Another one and one-half pair of boots were found on the floor of the room near one of the walls. All three pair of boots appeared new and were of approximately the same size.

Officer Palmatier had been assigned to investigate a burglary of the Boot Tree, a retail shoe store located a short distance from the Berry Hotel. He had read the initial report on the burglary which contained a description of the boots believed to have been taken, and he noted that the boots found during the search of appellant's room matched that description. The boots were new and were of the same style and size as those reported missing. The three pair of boots were seized and appellant was requested to accompany the officers to the police station.

The officers stopped at the Boot Tree on their way to the police station and showed one of its owners the three pair of boots. He confirmed that the boots were of the same style and size as boots involved in the burglary. He also identified the boots appellant was wearing as being of the same style and size as boots involved in the burglary. The officers also seized this fourth pair of boots as evidence.

Appellant made a timely motion to suppress the seized boots together with any statements obtained from appellant as a result of the search and seizure. The trial court denied the motion. Appellant renewed his objections at trial and the objections were overruled.

Appellant contends that the seizure of the boots was not justified under the plain-view doctrine because the officers lacked probable cause to believe that the boots were evidence at the time they were seized. Therefore, he contends the admission of the boots into evidence at trial violated his rights under the Fourth Amendment to the United States Constitution and Art. 1, § 4 of the Wyoming Constitution.

■ The Fourth Amendment[2] and Art. 1, § 4[3] are almost identical. Both are intended to protect against "unreasonable searches and seizures." Searches and seizures made without a warrant or "outside the judicial process" are "per se unreasonable" subject, however, "only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). One of these exceptions is the "plain view" doctrine. The United States Supreme Court and this court have consistently held that evidence in plain view from a position where an officer has a right to be is subject to seizure, without more, and may be introduced in evidence. *Washington v. Chrisman*, ⸺ U.S. ⸺, 102 S.Ct. 812, 70 L.Ed.2d 778 (1982); *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, reh. denied 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971); *Jessee v. State*, Wyo., 640 P.2d 56 (1982); *McCutcheon v. State*, Wyo., 604 P.2d 537 (1980); *Alcala v. State*, Wyo., 487 P.2d 448 (1971), cert. denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, reh. denied 406 U.S. 911, 92 S.Ct. 1613, 31 L.Ed.2d 823 (1972).

■ In *McCutcheon v. State*, supra, at page 540, we set out the requirements for the seizure of evidence in plain view:

"1. The officers' presence must be proper.

---

2. Fourth Amendment, Constitution of the United States, provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

3. Article 1, § 4, Constitution of the State of Wyoming, provides:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched or the person or thing to be seized."

"2. The items observed must appear to the officer to be possible evidence.

"3. Attention must be paid to Justice Stewart's plurality expression that the 'plain view' doctrine is applicable only to the *inadvertent* discovery of incriminating evidence." (Footnote omitted and emphasis in original.)

Appellant concedes that the officers' presence was proper—he had consented to their search and had accompanied them at their request. He does not contend that the discovery was other than inadvertent. Therefore, the narrow question presented is whether the items observed by the officers appeared to be possible evidence.[4]

In examining this issue, we view the evidence and reasonable inferences to be drawn therefrom in a light most favorable to the prosecution. *McCutcheon v. State,* supra, at 540. In this case Officer Palmatier had been assigned to the investigation of the Boot Tree burglary. He had read the investigation report which contained a description of the boots taken.[5] The boots uncovered during the consent search were new, and they fit the description contained in the investigative report. The fourth pair of boots was identified as being of the style of the boots which were involved in the burglary. The evidence was sufficient to support a finding that the boots appeared to the officers to be possible evidence of the burglary. The seizure of the boots and their introduction into evidence at trial was proper.

▮ Inasmuch as the seizure of the boots was proper, the admission at trial of all evidence obtained as a result of such seizure was proper, *Jessee v. State,* supra; *Goddard v. State,* Wyo., 481 P.2d 343 (1971); *Wong*

*Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Affirmed.

---

4. We are not here dealing with an officer's entry of a protected "area" to seize evidence *seen from without the protected "area"* where exigent circumstances would be required to justify the intrusion to seize the item. See *Washington v. Chrisman,* supra, —— U.S. ——, 102 S.Ct. 812, 818, n.5, 70 L.Ed.2d 778 (1982). In *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 1647, 68 L.Ed.2d 38 (1981), the Court noted that consent *or* exigent circumstances justify an entry into a home without a warrant.

5. Three of the cases cited by appellant in support of his position rely heavily on the fact that the officers had *not* been informed that the seized items had been stolen. *Commonwealth v. Hawkins,* 361 Mass. 384, 280 N.E.2d 665 (1972); *Nunes v. Superior Court of Stanislaus County,* 100 Cal.App.3d 915, 161 Cal.Rptr. 351 (1980); *People v. Murray,* 77 Cal.App.3d 305, 143 Cal.Rptr. 502 (1978).