Filed 1/11/22 P. v. Dean CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>LAWRENCE LEE DEAN, JR.,<br><br>    Defendant and Appellant. | F081551<br><br>(Super. Ct. No. BF126004E)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County. Michael G. Bush, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Franson, Acting P. J., Peña, J. and De Santos, J.

# INTRODUCTION

Defendant Lawrence Lee Dean, Jr., was tried together with two codefendants on charges of criminal conspiracy and first degree murder in connection with a gang-related shooting. The jury acquitted the defendants of the conspiracy charges and convicted each of them of the lesser included offense of second degree murder. The jury also found true enhancement allegations for gang participation and use of a firearm.

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing pursuant to Penal Code section 1170.95. (Undesignated statutory references are to the Penal Code.) The court denied defendant's section 1170.95 petition for failure to state a prima facie case. In this appeal, defendant argues the court erred in denying the petition without issuing an order to show cause and holding an evidentiary hearing. The People ask us to take judicial notice of the record from defendant's direct appeal, though it was not presented below, and they argue for the first time the jury instructions established defendant was categorically ineligible for relief. Defendant opposes the request for judicial notice and reiterates that his petition established a prima facie case for relief and the court erred in denying it without issuing an order to show cause.

We deny the People's motion for judicial notice, reverse the trial court's order denying defendant's petition, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, defendant and three codefendants were each charged with conspiracy to commit murder and assault with a firearm (count 1) and premeditated first degree murder (count 2) based upon their involvement in a gang-related shooting resulting in the victim's death; one codefendant eventually accepted a plea deal. Enhancement allegations were attached to each count for furthering the activities of a criminal street gang (§§ 186.22, subd. (b)(1), 190.2, subd. (a)(22)), personal and intentional discharge of a firearm with proximate causation of death (§ 12022.53, subd. (d)), and vicarious

2.

liability for such use of a firearm by a principal to the offense (§ 12022.53, subds. (d), (e)(1)).

At trial, an officer testified to defendant's admissions made during two custodial interviews regarding the shooting incident. (*People v. Dean* (Dec. 5, 2014, F064134) [nonpub. opn.].)[1] Defendant "admitted being present at the time of the shooting and firing a nine-millimeter handgun into the air at a particular location inside of the apartment complex [where the shooting occurred]." (*Ibid.*)

A jury found all three defendants not guilty of first degree murder as alleged in count 2, but convicted all three of them of the lesser included offense of second degree murder based on their involvement in the victim's death. As to defendant, the jury also found true the vicarious liability enhancement pursuant to section 12022.53, subdivisions (d) and (e)(1) and the gang enhancement pursuant to section 186.22, subdivision (b)(1). The jury acquitted all three defendants of count 1, conspiracy to commit murder and assault with a firearm.

In 2019, defendant submitted a form petition for resentencing pursuant to section 1170.95 using a form prepared by Re:Store Justice, a cosponsor of Senate Bill 1437. He checked boxes stating a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or murder under the natural and probable consequences doctrine; at trial, he was convicted of first or second degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437).[2] He also checked a

---

[1] We previously granted defendant's request that we take judicial notice of our prior unpublished opinion in this matter pursuant to Evidence Code sections 452, subdivision (a), and 459, subdivision (a). Notably, the People asked the trial court to take judicial notice of the opinion and referenced it in their briefing below.

[2] He also checked a box indicating he was convicted of first degree murder but could not now be convicted because he was not the actual killer, he did not, with the intent to kill, aid, abet,

box stating, "I was convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188, effective January 1, 2019." The court appointed defendant counsel and the parties filed additional briefing.

The People opposed the petition. In their response, they noted three conditions which defendant must meet to be eligible for relief. First, he had to establish he was convicted under either a felony-murder theory or the natural and probable consequences doctrine. With regard to this first condition, the People stated, "It is clear from a review of the [appellate opinion from this case], as well as the People's closing argument that the Natural and Probable Consequence Doctrine was considered by the jury as a possible theory of liability. This condition is met." They further conceded defendant met the second condition for relief—he was convicted of second degree murder. However, they argued defendant failed to establish he "could not be convicted of first or second degree murder because of [recent] changes to Section … 189." They asserted defendant was an aider and abettor to murder who acted with the intent to kill and he was a major participant in the murder who acted with reckless indifference to human life. They argued defendant's "liability as an aider and abettor is certain" based on the jury's true findings of the sections 12022.53, subdivisions (d) and (e), and 186.22, subdivision (b)(1) allegations. They further contended defendant's intent could be reasonably inferred from the circumstances leading up to the shooting—he accompanied other gang members to look for a rival gang member while armed with two handguns, and after someone said "to shoot the first Eastsider that they saw"—and defendant actually fired a handgun into an apartment. They also argued defendant was a major participant in the crime which led to the death of the victim and who acted with reckless indifference to human life,

counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony.

4.

acknowledging this determination is "a fact-intensive task."  The People also filed a separate response moving to dismiss defendant's petition based upon the alleged unconstitutionality of Senate Bill 1437.

In response, defendant argued the record did not conclusively establish he was not convicted of murder under the natural and probable consequences theory.

The court denied the petition, stating it read the motion, petition, opposition, and reply and found defendant had "not made a prima facie showing that he is eligible for [relief]."  The court stated its ruling was "based on the paperwork."  Defense counsel asked how the court could conclude defendant had not stated a prima facie case given the People's concession defendant "was possibly convicted on the Natural [and] Probable Consequences Doctrine."  The court responded it was making its ruling "[b]ased on all the circumstances of the case, and the facts of the case."  The minute order reflects the matter was handled without the physical case file.

## DISCUSSION

Defendant challenges the denial of his petition for resentencing.  We agree the court erred in denying the petition on the stated basis and conclude remand is necessary.

### I. Senate Bill 1437 and Section 1170.95

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019.  Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  It amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it added section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes

5.

in the law would affect their previously sustained convictions.[3]  (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  *Malice shall not be imputed to a person based solely on his or her participation in a crime*."  (§ 188, subd. (a)(3), italics added.)  The change reflects the Legislature's intent that "a person's culpability for murder must be premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189, subdivision (a) previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

---

[3]The scope of section 1170.95 has since been amended further to permit persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural probable consequences doctrine, or manslaughter" an opportunity to challenge the validity of that conviction based on the changes made to sections 188 and 189.  (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

Section 1170.95, in relevant part, permits those "convicted of felony murder or murder under the natural and probable consequences doctrine … [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder … conviction vacated and to be resentenced on any remaining counts …."**4** (*Id.*, subd. (a).) An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime …[;] [¶] (2) The petitioner was convicted of murder … following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder … [;] [¶] [and] (3) The petitioner could not presently be convicted of murder … because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).)

In making this determination, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'"" (*People v. Lewis* (2021) 11 Cal.5th 952, 971; see § 1170.95, subd. (c).) "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*People v. Lewis*, *supra*, at p. 972.) However, "the prima facie inquiry under subdivision (c) is limited." (*Id.* at p. 971.) "In reviewing any part of the

---

**4**The Legislature recently passed, and the Governor signed, a bill amending section 1170.95. (Sen. Bill No. 775 (2021–2022 Reg. Sess.).) The amendments became effective on January 1, 2022; thus, we quote from the relevant portions of the amended version of section 1170.95 now in effect. The amendments to this section do not alter our analysis.

record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'" or "'reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Id*. at pp. 972, 971.) But "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id*. at p. 971.)

If the petitioner has made a prima facie showing, the trial court "shall issue an order to show cause." (§ 1170.95, subd. (c).) Newly amended section 1170.95, subdivision (c) also now provides, "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."[5]

Following a show cause order, the trial court must then hold a hearing "to determine whether to vacate the murder … conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) If a hearing is held, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (§ 1170.95, subd. (d)(3).) "The court may also consider the procedural history of the case recited in any prior appellate opinion." (*Ibid*.) The hearsay evidence admitted in a preliminary hearing pursuant to subdivision (b) of section 872 shall be excluded from the hearing as hearsay unless the evidence is admissible pursuant to another exception to the hearsay rule. (*Ibid*.) "The prosecutor and the petitioner may

---

[5]This provision was not in effect when the trial court issued its order on the instant petition.

8.

also offer new or additional evidence to meet their respective burdens." (*Ibid*.) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to Section 188 or 189." (*Ibid*.) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid*.)

## II.     Analysis

Defendant asserts the court erred in denying his section 1170.95 petition because his petition set forth a prima facie case and the record of conviction before the court did not render him categorically ineligible for relief.   He argues, in their response to his petition, the People conceded defendant was an aider and abettor convicted of second degree murder and the jury was given instructions on the natural and probable consequences doctrine.   He contends the People urged the court to "make a factual determination" and conclude defendant aided and abetted the actual killer with the intent to kill, and he was a major participant in the murder who acted with reckless indifference to human life.   The People respond the jury instructions established defendant was necessarily convicted as a direct aider and abettor rather than under the natural and probable consequences doctrine, thereby rendering him ineligible for relief under section 1170.95.   They note, though the court instructed the jury with CALCRIM No. 417 regarding liability for the acts of a coconspirator, including a discussion of natural and probable consequences in the context of coconspirator liability, that instruction was given in conjunction with the conspiracy to commit murder offense charged in count 1, of which defendant was acquitted.   They contend the jury could not have relied upon this instruction to convict defendant of second degree murder on a natural and probable consequences theory of coconspirator liability because the jury "necessarily rejected the conspiracy aspect of the case."   They further contend, because the jury was not

9.

instructed on any target crime upon which second degree murder based on a natural and probable consequences theory could be predicated, the jury had to have convicted defendant as a direct aider and abettor. In a separate motion, the People ask us to take judicial notice of the clerk's transcript and reporter's transcript from defendant's trial. In his reply brief, defendant asserts the People never presented the clerk's or reporter's transcript from the case to the trial court below in consideration of the petition; instead, they raise the argument the jury instructions rendered him categorically ineligible for relief for the first time on appeal. He argues we should not take judicial notice of the file and, if we do, we should order "augmentation of the record on appeal with certified copies of the missing material, provide a copy to the parties … and grant [him] leave to review the material and file a supplemental brief." Defendant filed a separate opposition to the People's motion for judicial notice. We conclude the court erred in denying defendant's section 1170.95 petition and we deny the People's request for us to take judicial notice of the records from defendant's trial, including the jury instructions, which were not first presented to the trial court.

First, the court erroneously denied defendant's petition for resentencing. As discussed, the court was required to accept defendant's "'"factual allegations [in his petition] as true and [to] make[] a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court [had to] issue an order to show cause.'"'" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971; see § 1170.95, subd. (c).) And here, the parties do not dispute defendant's petition alleged a prima facie case of entitlement to relief. Indeed, in their briefing below, the People agreed the jury could have convicted defendant of murder based upon a natural and consequences theory. However, they argued the underlying facts of the case established defendant acted with the intent to kill and as a major participant in the underlying crime who acted with reckless indifference to human life. As defendant asserts, the People necessarily asked the court to engage in a weighing of the facts in

10.

order to conclude defendant was ineligible for relief, which was inappropriate at the prima facie showing stage. [6] (See *People v. Lewis*, *supra*, at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'"].)

Furthermore, it is true "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) But here, the documents the People now rely upon to argue defendant is categorically ineligible for relief do not appear to have been presented to the trial court for its consideration in the first instance. And we cannot otherwise conclude the record before the trial court rebutted the allegations in defendant's petition. Thus, the denial of defendant's petition on the court's stated basis was erroneous.

For the first time on appeal, the People argue the record, including the jury instructions, establishes the jury was not instructed on the natural and probable consequences theory as a basis for convicting defendant of murder. They ask us to take judicial notice of the appellate record from defendant's original appeal, *People v. Dean*, *supra*, F064134, pursuant to rules 8.54(a) and 8.252(a) of the California Rules of Court and Evidence Code sections 452, subdivision (d), and 459, subdivision (a), which includes the jury instructions and reporter's transcripts from defendant's trial. In opposition, defendant contends the People never presented this material to the trial court or asked the court to take judicial notice of it, nor is there any indication the trial court relied on this material in making its ruling. He concedes our court has discretion to grant

---

[6]We note because the jury's true findings on the sections 12022.53, subdivisions (d) and (e), and 186.22, subdivision (b)(1) allegations did not require it to find defendant acted either with the intent to kill or with conscious disregard to life, these enhancements do not establish defendant acted with malice aforethought as a matter of law. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598.)

11.

the request for judicial notice, but he asserts doing so would be improper when the material at issue was never presented to, or relied upon, by the trial court below. We agree with defendant.

As the defendant notes in his opposition to the request for judicial notice, while it is within this court's discretion to judicially notice court records pursuant to Evidence Code sections 452 and 459, we are not required to do so and courts including the California Supreme Court and our court have cautioned against judicially noticing matters that were not before the trial court. (See *People v. Hardy* (1992) 2 Cal 4th 86, 134; *People v. Preslie* (1977) 70 Cal.App.3d 486, 493; accord, *People v. Cunningham* (2001) 25 Cal.4th 926, 1012, fn. 12 ["We may, but need not, take judicial notice of the records of a court of this state pursuant to Evidence Code section 452, subdivision (d)"]; see also *People v. Sanders* (2003) 31 Cal.4th 318, 323, fn. 1 [declining to take judicial notice of documents that were not before trial court].) Indeed, in *Hardy*, the California Supreme Court agreed with our court's holding in *Preslie*: "'[A]s a general rule the [appellate] court should not take … [judicial] notice if, upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance.'" (*Hardy*, *supra*, at p. 134.) The *Hardy* court reasoned, "Such a rule prevents the unfairness that would flow from permitting one side to press an issue or theory on appeal that was not raised below." (*Ibid.*) Despite this general rule, the *Hardy* court concluded it was appropriate in that case to take judicial notice of the defendant's federal lawsuit because both parties asked the court to judicially notice the lawsuit and neither side opposed the other's request. (*Ibid.*) So there was no unfairness to either side, the facts were not in dispute, and both motions for judicial notice appended photocopies of certified copies of the pertinent court files. (*Id.* at pp. 134–135 [concluding "although the general rule cautions against granting judicial notice of matters not presented to the trial court, other considerations present in this case suggested a contrary conclusion"].) Additionally, the court noted Evidence Code section 459

12.

provides for procedural safeguards when an appellate court takes judicial notice of a matter not presented to the trial court in that this section states: "'In determining the propriety of taking judicial notice of a matter specified in [Evidence Code] section 452 …, if the reviewing court resorts to any source of information not received in open court or not included in the record of the action, … the reviewing court shall afford each party reasonable opportunity to meet such evidence before judicial notice of the matter may be taken.'" (*Hardy*, at p. 134, fn. 8.)

Here, as defendant contends, it does not appear the referenced records were presented to the trial court in the first instance nor are there circumstances to persuade us to depart from the general rule and judicially notice these documents in the first instance. The parties do not agree judicial notice is appropriate nor can we conclude, as the *Hardy* court did, that the facts here are "undisputed." Thus, taking judicial notice of the requested records would not promote judicial economy or efficiency. Furthermore, rule 8.252 of the California Rules of Court requires, in part, a party to serve and file a separate motion with a proposed order regarding the matter to be noticed, and to attach to the motion a copy of the matter to be noticed or an explanation of why it is not practicable to do so. And here, the People did not attach to their motion certified copies of the record of which they would like us to take notice or explain why doing so was not practicable as required by California Rules of Court, rule 8.252. Without the referenced record before us, we are unable to assess the validity of the People's argument such records render defendant categorically ineligible for relief. For all these reasons, we decline to take judicial notice of these records that do not appear to have been presented to the trial court.

Accordingly, because defendant's petition established a prima facie case for relief and the record before the trial court did not rebut defendant's allegations as a matter of law, we reverse the court's order denying defendant's petition. To the extent the People assert the record nevertheless establishes defendant is categorically ineligible for

13.

resentencing on other grounds—that is, that the jury was not instructed on the natural and probable consequences doctrine as a theory of murder—we remand to the trial court to consider that argument in the first instance and for further proceedings consistent with the procedures prescribed by section 1170.95, subdivision (c).

## DISPOSITION

The People's motion for judicial notice is denied.  The trial court's order denying defendant's petition is reversed, and the matter is remanded for further proceedings consistent with section 1170.95, subdivision (c).