Filed 10/4/22  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093281 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F07042) |
| v. | |
| BILLY JOE JONES, | |
| Defendant and Appellant. | |

Over two decades ago, a jury found defendant Billy Joe Jones guilty of first degree murder and arson.  The jury, however, acquitted defendant of kidnapping and found the special circumstances of murder by means of lying in wait and kidnapping not true.  The trial court sentenced defendant to an aggregate term of 28 years to life.

In 2019, defendant petitioned for resentencing pursuant to Senate Bill No. 1437 (Stats. 2018, ch. 1015) which allows those convicted of first degree murder under the felony-murder rule or the natural and probable consequences theory to seek retroactive

1

relief. The trial court denied defendant's petition at the prima facie stage without holding a hearing. Defendant timely appeals.

On appeal, defendant contends the jury's not-true finding on the kidnapping-murder special circumstance entitles him to immediate resentencing. Alternatively, he argues the trial court erred in concluding our prior sufficiency-of-the-evidence finding on conspiracy to commit murder precludes relief as a matter of law.

We disagree with defendant's first contention but agree with the second. We will vacate the order denying the petition and direct the trial court to issue an order to show cause.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's convictions are taken from our unpublished consolidated opinion in defendant and his codefendants' previous appeal, *People v. McLean* (Mar. 3, 2003, C039364) [nonpub. opn.] (*McLean*).[1]

In the summer of 2000, defendant was terminated from his position as a security guard at Quest Intelligence Group in Sacramento. After the termination, defendant developed a "blueprint" for the killing of a Quest employee, whose report led to defendant's termination. According to the plan, defendant would kidnap the employee, take him to a remote area, attack or kill him, and leave him there. Codefendant Adam Jeffrey Gray joined defendant in the discussions of the plan. (*McLean*, *supra*, C039364.)

At the same time, both Gray and the other codefendant, Joshua Alan McLean, were angry at a different Quest employee, Matthew Andrew Lenabat, and had discussions about killing Lenabat. Lenabat was last seen on August 23, 2000, at 1:10 a.m. Shortly

---

[1]     We grant the People's request for judicial notice and motion to incorporate in part and deny in part. We incorporate our previous opinion in *McLean* into the record. But we decline to take judicial notice of the record from defendant's trial because it was not considered by the trial court in denying his petition. (*People v. Preslie* (1977) 70 Cal.App.3d 486, 493.)

after 9:00 a.m. on August 23, Lenabat's body was discovered in a badly burned car along with a five-gallon gas can. A fire investigator concluded gasoline had been poured on the car and then set on fire. (*McLean*, *supra*, C039364.)

On August 22, 2000, Gray left his residence at 11:30 p.m. He called defendant at 11:54 p.m. and again at 1:23 a.m. on August 23. At 2:01 a.m., 5.68 gallons of gas were purchased at a Shell gas station two miles away from defendant's residence. Then at 2:06 a.m., Gray and another man were seen pumping gas into gas cans at a 76 gas station across the street. Several hours later, Gray and McLean's car broke down in the area where Lenabat's body was discovered, and they requested a tow truck driver's help to get back to Sacramento. The tow truck driver noticed a strong odor from the two. Between 7:27 a.m. and 8:18 a.m., Gray received two calls made with a calling card belonging to defendant's girlfriend. (*McLean*, *supra*, C039364.)

Defendant and his girlfriend gave conflicting statements on when and how many times defendant left his residence in the early morning of August 23, 2000. During the investigation, the police discovered defendant's gas can was missing and found a receipt dated August 23 for gas purchased at the 76 gas station in the girlfriend's car. Defendant's friends also testified defendant had excellent knowledge of the roads in the area where Lenabat's body was found. (*McLean*, *supra*, C039364.)

In 2001, the People charged defendant with murder, kidnapping, arson, and alleged that the murder was committed with the special circumstances of lying in wait and kidnapping.

At trial, the jury was instructed with alternative first degree murder theories, including aiding and abetting the actual killer with the intent to kill, murder as a natural and probable consequence of conspiracy to "commit a crime such as kidnapping or arson," deliberate and premeditated murder, kidnapping felony murder, arson felony murder, murder by means of lying in wait, conspiracy felony murder, and aiding and abetting felony murder. The jury returned a general verdict, finding defendant guilty of

3

first degree murder without specifying the theory upon which the verdict relied. The jury also found defendant guilty of arson, but acquitted defendant of kidnapping and found the special circumstances of lying in wait and kidnapping not true.

The trial court sentenced defendant to 25 years to life in state prison on the murder count plus a consecutive term of three years on the arson count. Defendant appealed his convictions and we affirmed, finding there was sufficient evidence for the jury to conclude defendant was guilty of conspiracy to commit murder. (*McLean*, *supra*, C039364.)

After the enactment of Senate Bill No. 1437, in 2019, defendant filed a petition for resentencing. In the petition, defendant declared that he was not the actual killer, he did not assist the actual killer with an intent to kill, he was not a major participant in the felony or acted with reckless indifference to human life during the course of the felony, and that the victim of the murder was not a peace officer.

Without holding a hearing, the trial court denied defendant's petition at the prima facie stage. It held that our previous opinion rendered defendant ineligible for relief as a matter of law. The court further concluded the jury's not-true finding on the kidnapping-murder special circumstance did not entitle defendant to resentencing because it "did not contain any specific finding that defendant . . . was not a major participant in the kidnapping who acted with reckless indifference to human life." The trial court reasoned the jury did not need to reach this issue because it had acquitted defendant of kidnapping "most likely because there was insufficient evidence to show that victim . . . was alive when taken."

Defendant timely appealed.[2]

---

[2] We received the notice of appeal on December 28, 2020. The briefing schedule was delayed due to the parties' requests for extensions of time and defendant's request for supplemental briefing. The case was not fully briefed until July 25, 2022.

DISCUSSION

I

*Senate Bill No. 1437*

Senate Bill No. 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences liability for first and second degree murder. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 849.) To that end, Senate Bill No. 1437 amended Penal Code[3] sections 188 and 189 (murder). As relevant here, section 188 now requires malice aforethought for a murder conviction (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2) and section 189 limits felony-murder liability to a person who was the actual killer, who assisted the actual killer with the intent to kill, or who was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95, which allowed a defendant who was convicted under the former law to petition for resentencing. (§ 1172.6; *People v. Strong* (2022) 13 Cal.5th 698, 708.) After our Supreme Court decided *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the Legislature amended section 1170.95 to, among other things, clarify the standard of inquiry at the prima facie stage. (Stats. 2021, ch. 551, § 1, subds. (b) & (d).) The Legislature later renumbered the section to 1172.6, without substantive change. (Stats. 2022, ch. 58, § 10.) These changes apply to defendant's case. (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 ["A statute that merely clarifies, rather than changes, existing law is properly applied to transactions predating its enactment"]; *People v. Vieira* (2005)

---

**3**    Further undesignated section references are to this code.

35 Cal.4th 264, 305 ["a defendant generally is entitled to benefit from amendments that become effective while his case is on appeal"].)

Pursuant to section 1172.6, upon receipt of the petition and the People's response, the trial court must hold a hearing to determine if the petitioner has made a prima facie showing for relief and if so, the court shall issue an order to show cause. (*Id.*, subd. (c).) Following the order, the trial court will hold an evidentiary hearing to determine whether to vacate the conviction and to resentence the petitioner. (*Id.*, subd. (d)(1).) At the evidentiary hearing, the prosecution bears the burden to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under the amended section 188 or 189. (§ 1172.6, subd. (d)(3).) If the prosecution fails to carry this burden, the trial court must vacate the conviction and resentence the petitioner. (*Ibid*.) The evidentiary hearing may be bypassed if "there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1172.6, subd. (d)(2).) Under this circumstance, "the court shall vacate the petitioner's conviction and resentence the petitioner." (*Ibid*.)

We review a trial court's denial of a section 1172.6 petition at the prima facie stage de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

II

*Defendant Is Not Entitled To Automatic Resentencing*

Defendant first argues, relying on *People v. Ramirez* (2019) 41 Cal.App.5th 923 (*Ramirez)*, that the jury's not-true finding on the kidnap-murder special circumstance mandates the trial court bypass an evidentiary hearing and proceed directly to resentencing under section 1172.6, subdivision (d)(2). We disagree.

In *Ramirez*, the defendant was convicted of first degree felony murder and the jury found true the special circumstance that the defendant was an aider and abettor of the robbery who acted as a major participant with reckless indifference to human life. (*Ramirez, supra*, 41 Cal.App.5th at p. 926.) In a previous habeas proceeding, the

6

appellate court found the evidence was insufficient to support the special-circumstance allegation. (*Id.* at p. 927.) After the enactment of Senate Bill No. 1437, the defendant petitioned for resentencing. (*Ramirez*, at p. 928.) The trial court, however, disregarded the appellate court's finding and concluded the defendant was not entitled to relief as a matter of law. (*Id.* at pp. 928, 930.) Both parties agreed the trial court erred, but disagreed as to whether the trial court should be directed to grant the petition or issue an order to show cause. (*Id.* at pp. 930-931.) The Court of Appeal there directed the trial court to grant the petition, construing section 1172.6, subdivision (d)(2) as "requiring the court to proceed directly to resentencing" "whenever there is a prior finding of this court that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life." (*Ramirez*, at p. 932.) This, according to the *Ramirez* court, is "meant to streamline the process." (*Ibid.*)

The *Ramirez* rule, however, does not extend to petitioners who "could be convicted under other, still valid theories of murder." (*People v. Guillory* (2022) 82 Cal.App.5th 326, 333.) The Legislature explicitly "limit[ed] relief to offenders who could not be convicted of murder under current law (§ 1172.6, subd. (a)(3))." (*Guillory*, at p. 334.) Allowing a prior not-true special-circumstance finding to overcome the eligibility limitation in subdivision (a)(3) "would make . . . subdivision (d)(2) into a backdoor to guarantee resentencing for certain defendants who are not eligible, rather than a mechanism to 'streamline the process' of resentencing." (*People v. Flint* (2022) 75 Cal.App.5th 607, 618.) This "contradicts . . . the Legislature's decision to retain some forms of felony-murder liability under section 189, subdivision (e), and turns on its head the Legislature's intention to better align the punishment for murders with their individual culpability." (*Guillory*, at p. 334.) "[T]he language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature did not intend. To this extent, therefore, intent prevails over the letter of the law and the letter will be read in accordance with the spirit of the enactment." (*In re*

7

*Michele D.* (2002) 29 Cal.4th 600, 606.) Thus, we agree with our colleagues in *Guillory* and *Flint* that "[s]ection 1172.6, subdivision (d)(2) is more reasonably understood to require automatic vacatur and resentencing where a special circumstances allegation found to be not true (or the legal equivalent, [citation]) provides the only viable ground for a murder conviction." (*Guillory*, at p. 334; accord, *Flint*, at pp. 610-611.)

Here, defendant correctly concedes the jury was given instructions on three still valid murder theories: aiding and abetting murder with the intent to kill, deliberate and premediated murder, and murder by means of lying in wait. The parties also dispute whether the jury was instructed on conspiracy to commit murder. The jury found the special circumstance of murder by means of lying in wait not true, but returned a general verdict finding defendant guilty of murder without specifying the theory on which it relied. It is possible, therefore, that defendant may still be convicted under valid murder theories. The trial court correctly concluded defendant is not entitled to immediate resentencing. (See *Knapp v. AT&T Wireless Services, Inc.* (2011) 195 Cal.App.4th 932, 939 [we do not address the trial court's reasoning under ordinary appellate review].)

III

*Defendant Has Made A Prima Facie Case For Relief*

Defendant next contends the record of conviction does not eliminate the possibility that the jury found him guilty of murder under a now precluded theory, and the trial court erred in concluding this court's prior sufficiency-of-the-evidence finding on conspiracy to commit murder bars defendant's relief as a matter of law. We agree.

At the prima facie stage, a trial court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In this inquiry, the court may rely on the record of conviction. (*Ibid.*) The exact parameters of what constitutes the "record of conviction" has not been precisely defined. (*People v. Woodell*

8

(1998) 17 Cal.4th 448, 454.) But it has been held to include charging documents, jury instructions, verdict forms, and appellate opinions. (*Lewis*, at p. 972; *People v. Gomez* (2020) 52 Cal.App.5th 1, 16, disapproved on another ground in *People v. Strong*, *supra*, 13 Cal.5th at pp. 709-710; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, disapproved on another ground in *Lewis*, at pp. 961-962.) In reviewing the record of convictions at the prima facie stage, the trial court "should not engage in 'factfinding involving the weighing of evidence or exercise of discretion.' " (*Lewis*, at p. 972.) And an appellate opinion finding "substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3); accord, *Lewis*, at p. 972.) However, if the record of conviction contains facts that refute the allegations in the petition, the trial court may properly deny relief. (*Lewis*, at p. 971.)

Here, the defendant's petition alleged that he was not the actual killer, he did not assist the actual killer with the intent to kill, he was not a major participant in the felony or acted with reckless indifference to human life during the course of the felony, and the victim of the murder was not a peace officer. Accepting these allegations as true, defendant would be entitled to relief.

His record of conviction does not refute these allegations. The record shows the jury was instructed on several now precluded murder theories, including murder as a natural and probable consequence of conspiracy to commit kidnapping or arson, kidnapping or arson felony murder, conspiracy felony murder, and aiding and abetting a felony murder. The jury found defendant guilty of first degree murder without stating on which theory the murder verdict was based. The jury also found defendant guilty of arson. It is therefore possible that the jury based its murder finding on now precluded theories of murder relating to arson, such as arson felony murder or murder as a natural and probable consequence of conspiracy to commit arson. The record does not negate defendant's factual allegation in his petition.

9

The People argue the jury could not have based the murder verdict on arson-related murder theories because "there was no substantial or positive evidence that burning the victim's car led to his death." Instead, the People contend the only valid grounds for the murder verdict rest on the conspiracy to commit murder or aiding and abetting murder.

We decline to evaluate whether the evidence at trial suggested the jury reasonably could have based the murder verdict on theories related to arson, as such weighing of evidence is prohibited at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) But we note the parties do not dispute that there was sufficient evidence to warrant the jury instructions on arson related murder theories. (§ 1127; *People v. Larsen* (2012) 205 Cal.App.4th 810, 823 [the trial court can give only jury instructions that are supported by substantial evidence].)

Moreover, our prior sufficiency of the evidence finding on conspiracy to commit murder does not make defendant ineligible for relief as a matter of law. Section 1172.6, subdivision (d)(3) explicitly provides a prior finding that there is substantial evidence to support a murder conviction is insufficient to prove a petitioner is ineligible for resentencing. Indeed, we review a challenge to the sufficiency of the evidence in the light most favorable to the prosecution (*People v. Banks* (2015) 61 Cal.4th 788, 804), while in a section 1172.6 petition, we assume all factual allegations by the petitioner as true at the prima facie stage and the People must prove beyond a reasonable doubt that the petitioner is ineligible for resentencing at the evidentiary hearing (§ 1172.6, subd. (d)(3); *Lewis*, *supra*, 11 Cal.5th at p. 971). The trial court therefore erred in concluding our opinion made defendant ineligible for resentencing under section 1172.6 as a matter of law. Having reached this conclusion, we need not address whether the jury was instructed on conspiracy to commit murder.

10

## DISPOSITION

The order denying relief is vacated. The trial court is directed to issue an order to show cause and hold an evidentiary hearing to determine defendant's eligibility for relief.


/s/_____
Robie, Acting P. J.


We concur:


/s/_____
Renner, J.


/s/_____
Earl, J.