Filed 1/5/24  P. v. Lopez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICENTE LOPEZ,<br><br>    Defendant and Appellant. | H050681<br>(Monterey County<br> Super. Ct. No. SS062791A) |

## I.    INTRODUCTION

In 2011, a jury found defendant Vicente Lopez guilty of two counts of attempted murder (§§ 187, 664),[1] three counts of assault with a firearm (§ 245, subd. (a)(2)),[2] and one count of active participation in a criminal street gang (§ 186.22, subd. (a)). The jury found true allegations regarding defendant's personal infliction of great bodily injury (§ 12022.7) and defendant's personal use of a firearm (§§ 12022.5, 12022.53, subds. (b)–(d)); in addition, as to the attempted murder and assault with a firearm counts

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] One of the three counts of assault with a firearm was charged in the amended information as a violation of section 245, subdivision (a)(1), assault with force likely to produce great bodily injury.  At trial, the court granted the prosecution's request to amend the charge to a violation of subdivision (a)(2) of section 245.

the jury found true allegations that defendant committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1), (5)).[3]

In June 2022, defendant filed a petition under section 1172.6, seeking to vacate his attempted murder convictions and to be resentenced.[4] The trial court denied the petition without issuing an order to show cause, finding defendant failed to establish a prima facie case for relief. Defendant appeals the trial court's denial of his petition. For reasons we will explain, we will affirm the trial court's denial of defendant's petition.

## II. BACKGROUND

### A. *Factual Summary*[5]

Our resolution of this matter does not require an analysis of the evidence from defendant's trial. Briefly, defendant was convicted of two counts of attempted murder, three counts of assault with a firearm, and active participation in a criminal street gang following the shooting of a former member of defendant's gang who had testified against defendant's gang in another criminal case. The counts all involved defendant's actions toward the same victim on the same date. The victim testified in defendant's trial that defendant pointed a gun at the back of the victim's head. The victim testified that he heard the firearm click twice and felt the gun. The victim "slapped the gun to the side"

---

[3] With regard to the third count of assault with a firearm, the jury did not reach a finding on allegations that defendant personally used a firearm and personally caused great bodily injury (§§ 12022.5, 12022.7).

[4] At the time defendant filed his petition, what is now section 1172.6 was designated as section 1170.95. For ease of reference, we will refer to this statute by its current designation.

[5] This court affirmed the judgment of conviction following defendant's trial. This court's prior opinion is included in the appellate record as an attachment to the prosecution's response to defendant's section 1172.6 petition. The factual summary in this opinion is drawn from the appellate record in defendant's initial appeal from the judgment of conviction. As noted below, we have granted the Attorney General's request to take judicial notice of the appellate record from defendant's initial appeal. We provide this summary to provide general background as to these proceedings, not to resolve any contested factual matters.

and defendant fired the weapon, hitting the victim in the side of the head. Defendant then struck the victim on the head using the firearm, and as the victim ran away, defendant fired again, hitting the victim in the back or shoulder. The prosecution presented several witnesses; no prosecution evidence indicated that anyone other than defendant fired the weapon, though evidence indicated a co-defendant was present at the scene of the shooting and handed the firearm to defendant. Defendant did not testify, and the defense presented no evidence at trial.

In their trial briefs, neither the prosecutor nor defense counsel requested an instruction on the natural and probable consequences doctrine as a theory of defendant's liability for the attempted murder counts. The prosecutor did not argue defendant was guilty of attempted murder based on the natural and probable consequences doctrine or any other theory of imputed malice. The trial court did not instruct the jury on the natural and probable consequences doctrine or any other theory of imputed malice.

## B. *Procedural History*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) took effect on January 1, 2019, imposing "statutory changes to more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1, subd. (b).) Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) later "[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).) Senate Bill 1437 added what is now designated as section 1172.6, which provides an avenue for a person to petition the sentencing court to vacate the conviction and to be resentenced under these legislative measures.

In June 2022, defendant petitioned for relief under section 1172.6. The prosecution's response asserted that defendant failed to establish a prima facie case for relief under section 1172.6, arguing defendant did not show he could not presently be

convicted of attempted murder because of changes to sections 188 or 189 made effective January 1, 2019. The prosecution's opposition requested that the trial court "consider the factual summary in the appellate opinion for the limited purpose of determining whether the Petitioner is entitled to an evidentiary hearing as a matter of law. Specifically, the Court, at this stage, is asked to review the factual summary and determine whether the Petitioner could have had the allegations of attempted murder found true under the doctrine of natural and probable consequences. [¶] In the case at bar, the Petitioner was the only shooter referred to in the factual summary. The victim stated that the Petitioner was the shooter and he even struggled with him over the firearm. The fact that the jury found true that the Petitioner had discharged a firearm causing great bodily injury combined with [the victim's] testimony that there was only one shooter, removes the possibility that the Petitioner was merely a participant in an underlying felony which resulted in malice being imputed onto him. The facts in the appellate opinion do not possibly support a theory involving the Petitioner, as a mere aider and abettor, participating in a crime where the attempted murder . . . was an unintentional consequence." The prosecution's response concluded: "[B]ecause the Petitioner was the sole shooter in this matter[,] there is no possibility of imputed malice based solely on his participation in the crime and the Court should deny the [section] 1172.6 petition as a matter of law."

Defendant did not submit a written reply to the prosecution's opposition, and at a hearing on the petition, neither side presented argument. The trial court issued an oral ruling denying the petition, finding the record of conviction established defendant was convicted as the shooter, and thus defendant was not eligible for relief under section 1172.6 as a matter of law. The trial court stated it reviewed the petition for resentencing, the prosecution's opposition to the petition, the complaint, the information and amended information, and the abstract of judgment, along with "the factual summary and the appellate opinion for the limited purpose of determining whether the Petitioner is

4

entitled to an evidentiary hearing as a matter of law." The trial court ruled as follows: "The Petitioner was convicted after a jury trial as relevant to the petition. The Petitioner was convicted of [the attempted murder counts]. Both attempted murders without premeditation, and all of the enhancements were found true, including that he personally inflicted great bodily injury and personally discharged a firearm in the commission of the offense. [¶] Additionally, the appellate record supports that the Petitioner was the only shooter and he was the only shooter referred to in the factual summary. [¶] The Court finds that a prima facie case has not been made and respectfully the petition is denied."

This appeal followed.

### III. DISCUSSION

Defendant argues the trial court erred by relying upon the statement of facts recounted in this court's prior opinion to deny his section 1172.6 petition. We find no prejudicial error in the trial court's ruling.

Under section 1172.6, "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts" when all of certain conditions apply. (§ 1172.6, subd. (a).) Under section 1172.6, "the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.]" (*Ibid.*)

5

"[T]he court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) "We independently review a trial court's determination on whether a petitioner has made a prima facie showing. [Citation.]" (*Ibid.*)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

Prior to recent amendments to the Penal Code, "[t]he natural and probable consequences doctrine made 'a person who aids and abets a confederate in the commission of a criminal act . . . liable not only for that crime (the target crime), but also for any other offense (nontarget crime) [including murder] committed by the confederate as a "natural and probable consequence" of the crime originally aided and abetted.' [Citation.]" (*People v. Johns* (2020) 50 Cal.App.5th 46, 58.) Therefore, "the natural and probable consequences doctrine constituted an exception to the requirement of either express or implied malice for a murder conviction. [Citation.]" (*People v. Vargas* (2022) 84 Cal.App.5th 943, 953.) Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine. [Citation.]" (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Thus, where a section 1172.6 petitioner was convicted as "the sole and actual perpetrator of the attempted murder," the petitioner "is ineligible for resentencing as a matter of law. [Citations.]" (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 (*Patton*).) As the reviewing court stated in *People v. Hurtado* (2023) 89 Cal.App.5th 887: "Here is something novel—a criminal case that need not undergo a hearing

6

pursuant to Penal Code section 1170.95 (now section 1172.6). Why? Because the defendant was the only person who committed the crime of attempted murder for which a jury found him guilty beyond a reasonable doubt." (*Id.* at p. 889, fns. omitted.)

The record of conviction conclusively establishes defendant was not convicted under the natural and probable consequences doctrine or any other theory of imputed malice. Instead, the record of conviction conclusively establishes that defendant was the shooter of the attempted murder victim and was convicted based on his own malice in carrying out the shooting. The jury was not instructed on the natural and probable consequences doctrine, and the parties did not argue at trial that this theory applied. Rather, the jury was instructed that to find defendant guilty of attempted murder, the prosecution must prove that defendant "took at least one direct but ineffective step toward killing" the victim, and that defendant "intended to kill" the victim. Although the jury did not find defendant acted willfully and with deliberation and premeditation, the jury nonetheless found beyond a reasonable doubt that defendant attempted to murder the victim, a verdict that was not based on imputed malice. The jury's findings that defendant personally inflicted great bodily injury, personally used a firearm, and committed the attempted murder offenses to benefit a criminal street gang are consistent with the conclusion that the jury found defendant was the actual shooter who acted with intent to kill. The natural and probable consequences doctrine was not presented to the jury, and the jury's verdict was not based on any theory of imputed malice. As "the sole and actual perpetrator of the attempted murder[s]," defendant "is ineligible for resentencing as a matter of law. [Citations.]" (*Patton*, *supra*, 89 Cal.App.5th at p. 657, review granted.)

Our conclusion that defendant is ineligible for section 1172.6 relief is based on the record of conviction, including the jury's findings, the instructions in defendant's trial, and the record in defendant's prior appeal. The trial court did not have before it the record in defendant's prior appeal. The Attorney General asked this court to take judicial

7

notice of the record in defendant's prior appeal. Defendant argues that the trial court did not consider the appellate record from defendant's prior appeal, and thus the Attorney General's request for judicial notice is improper. However, this court has granted the request for judicial notice. We rely on the record in defendant's prior appeal not to " 'reject the petitioner's factual allegations on credibility grounds,' " (*Lewis*, *supra*, 11 Cal.5th at p. 971), but merely to conclude as a matter of law that defendant's conviction was not based on the natural and probable consequences doctrine or any other theory of imputed malice, a matter conclusively established by the record in defendant's prior appeal. As our Supreme Court has stated, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*) The record of conviction here, including the record in defendant's prior appeal, "establish[es] conclusively that the defendant is ineligible for relief," and thus defendant's section 1172.6 petition is properly denied at the prima facie stage. (*Strong*, *supra*, 13 Cal.5th at p. 708.)

In arguing judicial notice of the record in defendant's prior appeal is inappropriate, defendant cites *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325–326, which states: "An appellate court may properly decline to take judicial notice under Evidence Code sections 452 and 459 of a matter which should have been presented to the trial court for its consideration in the first instance. [Citations.]" Defendant's point is generally apt. "The appellate court does not take judicial notice of matters not considered by the trial court, absent exceptional circumstances. [Citations.]" (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 498.) However, this rule is not absolute; "exceptional circumstances [may] appear that would justify deviating from this general rule . . . ." (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2 (*Haworth*).) "An appellate court can, but is not required to, take judicial notice of documents that were not presented to the trial court in the first instance." (*McMahan v. City and County*

*of San Francisco* (2005) 127 Cal.App.4th 1368, 1373, fn. 2.)  This court may exercise its discretion to take judicial notice of documents not presented to the trial court.  (See *The Kennedy Com. v. City of Huntington Beach* (2017) 16 Cal.App.5th 841, 852–853.)

Here, the record in defendant's prior appeal is not being offered to establish any contested factual matter, but simply to reflect that defendant is not eligible for section 1172.6 relief as a matter of law because neither the natural and probable consequences doctrine nor any other theory of imputed malice was presented at defendant's trial.  Other reviewing courts have taken judicial notice of a prior appellate record in section 1172.6 proceedings.  (*See*, e.g., *People v. Lee* (2023) 95 Cal.App.5th 1164, 1187, fn. 10 (*Lee*) [reviewing court granted Attorney General's request to take judicial notice of the closing arguments in the defendant's prior appellate record when the record "does not indicate that the resentencing court considered or relied on the closing arguments when denying Lee's resentencing petition"]; *People v. Burns* (2023) 95 Cal.App.5th 862, 865, fn. 3 ["On our own motion, we take judicial notice of and directly consider the record in [the defendant's] prior appeal, which is appropriate to review in deciding whether a defendant has filed a facially sufficient petition. [Citation.]"].)  Evidence Code section 452, subdivision (d)[6] "by its terms authorizes taking judicial notice of records on file in the action before the trial court whether or not they are in evidence in the proceedings and whether or not the trial judge relied upon them."  (*People v. Preslie* (1977) 70 Cal.App.3d 486, 493.)  Taking judicial notice of the record in defendant's prior appeal would not "deprive the parties of any opportunity to respond, either by offering additional evidence or by tailoring their arguments to address these new facts."  (*Haworth*, *supra*, 50 Cal.4th at p. 379, fn. 2.)  Denying the request for

---

[6] Evidence Code section 452, subdivision (d) states that judicial notice may be taken of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States."  Evidence Code section 459, subdivision (a) states that a reviewing court "may take judicial notice of any matter specified in Section 452."

judicial notice, and therefore reversing the trial court and remanding this matter for an evidentiary hearing under section 1172.6, subdivision (d), would serve no beneficial purpose where our independent review of the record in defendant's prior appeal conclusively establishes that defendant is not entitled to section 1172.6 relief. The purpose of the general preference against taking judicial notice of documents not presented to the trial court – to "preserve[] an orderly system of appellate procedure by preventing litigants from circumventing the normal sequence of litigation" – would not be served by declining to take judicial notice of the record in defendant's prior appeal. (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) Therefore, we have taken judicial notice of the record in defendant's prior appeal, and this record demonstrates as a matter of law that defendant has not made a prima facie case for relief under section 1172.6.

Defendant asserts that the trial court improperly relied on the statement of facts in this court's prior opinion to conclude he was the actual shooter and therefore ineligible for relief. In denying defendant's petition, the trial court stated that it considered this court's opinion "for the limited purpose of determining whether the Petitioner is entitled to an evidentiary hearing as a matter of law." The trial court did not further specify to what extent it relied upon the statement of facts contained in this court's prior opinion. Assuming without deciding that the trial court erred by relying on the statement of facts in this court's prior opinion,[7] we find no prejudice in the trial court's reliance on the factual summary in our prior opinion. Where a trial court improperly relies on facts

_____

[7] The factual summary in an appellate opinion cannot "establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores* (2022) 76 Cal.App.5th 944, 988, fn. omitted; see also *Lee, supra,* 95 Cal.App.5th at pp. 1183–1184 ["After Senate Bill No. 775 . . . 'the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing.' [Citations.] By logical extension, the factual summary also may not be used to determine a petitioner's eligibility at the prima facie stage. [Citation.]"].)

stated in an appellate opinion, the error may be found harmless where the record of conviction conclusively establishes the petitioner is ineligible for relief. (See *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1104–1105 [discussing the harmless error standard in this context].) As discussed above, the jury's findings in the original proceedings were based on defendant being the actual shooter who acted with intent to kill and not based on the natural and probable consequences doctrine or any other theory of imputed malice. Even omitting any consideration of the factual summary contained in this court's prior opinion, the record of conviction establishes as a matter of law that defendant is ineligible for section 1172.6 relief. Thus, any error by the trial court in this regard was harmless.

## IV. DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
GREENWOOD, P.J.

_____
WILSON, J.

*People v. Lopez*
**H050681**